**David A. PUDLISH, Appellant,**

v.

**Sandra L. PUDLISH, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 6, 2002.

Filed April 3, 2002.

John M. Leonard, Latrobe, for appellant.

Mary E. Baloh, Greensburg, for appellee.

Before DEL SOLE, P.J., BENDER and TAMILIA, JJ.

BENDER, J:.

¶ 1 This is an appeal from a trial court's order that included, as marital property subject to equitable distribution, the benefits received pursuant to a compromise and release agreement that resolved a workers' compensation specific loss claim. For the reasons that follow, we vacate and remand.

¶ 2 David A. Pudlish (Husband) and Sandra L. Pudlish (Wife) were married on June 28, 1986 and separated on June 11, 1998. On September 16, 1997, nine months before separation, Husband sustained a work-related injury to his right eye. He missed 14 days of work for which he received no compensation. At some point thereafter, Husband filed a workers' compensation claim petition seeking specific loss benefits for the permanent loss of the use of his right eye for all practical intents and purposes.[1] Because Husband's employer denied the claim, litigation followed with both Husband and employer providing expert medical testimony by deposition. The first of four hearings on the matter was held on May 14, 1998, with the last hearing held on May 27, 1999, at which time Husband and employer presented a compromise and release agreement (C & R) intended to settle the specific loss claim. On June 16, 1999, one year after Husband and Wife separated, the C & R was approved by the workers' compensation judge, resolving Husband's claim for the net sum of $85,000.[2]

---

1. The Workers' Compensation Act (WC Act), 77 P.S. § 513, provides the exclusive remedy for loss of body members or the loss of use caused by work-related injuries. *See Mathies Coal Co. v. Workmen's Compensation Appeal Board (Henry),* 114 Pa.Cmwlth.11, 538 A.2d 590 (1988). Moreover, specific loss injuries result in awards not intended to compensate for a loss of earning power. *USX Corp. v. Workers' Compensation Appeal Board (Way),* 754 A.2d 64 (Pa.Cmwlth.2000).

2. The WC Act, 77 P.S. § 1000.5, contains the provisions that allow parties to compromise and release an employer from liability that arose out of a work-related claim. These provisions were contained in the 1996 amendments to the WC Act, giving parties a method of settling claims that previously was unavailable. The C & R agreements are a vehicle to "settle" claims in addition to commutations, which essentially allow for the commuting of future installment of benefits without or limited discounting.

¶ 3 With regard to the divorce action, the equitable distribution of the parties' property was initially adjudicated before a master, who determined that the $85,000 Husband received as a result of the C & R was marital property. The trial court adopted the master's findings and recommendations, concluding that the distribution of the marital assets was based on the equities presented. Specifically, the distribution included $10,000 from the workers' compensation C & R that was awarded to Wife.

¶ 4 Husband now appeals to this Court, arguing that the trial court erred in characterizing the sum realized by him from the workers' compensation C & R as marital property and subjecting it to equitable distribution. Accordingly, we must determine the status of that property.

> Our scope of review of an order of equitable distribution is limited. Such awards are within the sound discretion of the trial court, and will not be disturbed absent an abuse of discretion. An abuse of discretion will be found by this court only if the trial court failed to follow proper legal procedures or misapplied the law.

*DeMarco v. DeMarco,* 787 A.2d 1072, 1075 (Pa.Super.2001) (quoting *Litmans v. Litmans,* 449 Pa.Super. 209, 673 A.2d 382, 386 (1996)).

¶ 5 The trial court and both parties recognize that *Drake v. Drake,* 555 Pa. 481, 725 A.2d 717 (1999), is the seminal case that addresses a similar issue arising out of a similar fact situation. In *Drake,* the parties were married on April 23, 1977. On July 29, 1985, the husband sustained a wrist injury during the course of his employment. He began receiving workers' compensation benefits as a result of his disability. In April 1988, the husband's status changed to partial disability and he continued to receive payments until December 7, 1989. On October 3, 1990, the husband and his employer entered into a supplemental agreement, resulting in a commutation of benefits for $42,000. This lump sum represented partial disability benefit payments from December 7, 1989 through July 3, 1998.

¶ 6 The parties in *Drake* had separated on July 28, 1993. The master found that the proceeds from the workers' compensation commutation were marital property. He based this determination on the fact that the payment was both received during the marriage and replaced wages earned during the marriage. The trial court adopted the master's report in this regard and this Court affirmed, determining that because the settlement was reimbursement for lost wages it was marital property. The Supreme Court accepted *allocatur* for the sole purpose of deciding whether the commutation award was marital property.

¶ 7 Following a discussion about the history of the distribution of assets as part of a divorce action, the *Drake* court, citing the Divorce Code, 23 Pa.C.S.A. § 3501(b), stated that "[t]iming rather than the method of obtaining the property controls what is marital property under the Code and the statute presumes that property acquired during the marriage is 'marital.'" *Id.* at 491, 725 A.2d at 722. The Supreme Court also noted that eight classifications of property were listed as exceptions to the general rule, in particular 23 Pa.C.S.A. § 3501(a)(8), which excludes from the marital estate:

> (8) Any payment received as a result of an award or settlement for any cause of action or claim which accrued prior to the marriage or after the date of final separation regardless when the payment was received.

¶ 8 The *Drake* court recognized that the above quoted section of the Divorce Code made no allowance for an examination of the purpose of the award. Rather the court directed that the evaluation must center on "when the right to receive that payment arose." *Id.* at 499, 725 A.2d at 726. In addressing that question, the *Drake* court stated:

> The critical question is not whether the award represented a benefit period extending past the marriage, but whether the right to seek a commutation of those earnings accrued during the marriage. Here, Husband suffered a work-related injury on July 29, 1985. Soon thereafter, he filed a workers' compensation petition and received biweekly benefits. After that, in October 1990, Husband and his employer entered into an agreement to commute his partial disability payments, effective December 7, 1989, the date agreed to as the effective date of Husband's partial disability. *Thus, as of December 7, 1989, Husband certainly had an enforceable right to this lump sum commutation award, and Husband's claim "accrued," as that term is used in the Divorce Code, well before the parties separated in July of 1993. See generally Pennsylvania Manufacturers' Association Ins. Co. v. Wolfe,* 534 Pa. 68, 626 A.2d 522 (1993) (right to subrogation rights did not vest until a third party tortfeasor offered settlement); *Bell v. Brady,* 346 Pa. 666, 669, 31 A.2d 547, 549 (1943) (cause of action accrues only when one has the right to institute suit). Therefore, the Superior Court properly affirmed the trial court's finding that the commutation award is marital property.

*Drake,* 555 Pa. at 499–500, 725 A.2d at 726 (emphasis added).

■ ¶ 9 Both parties acknowledge the *Drake* court's tenet that 23 Pa.C.S.A. § 3501(a)(8) "makes no distinction concerning the purpose of the award or settlement, but posits that it applies equally to all claims or causes of action for personal injury, lost wages, disability or other damage." *Drake,* 555 Pa. at 498, 725 A.2d at 725. The parties also recognize that according to *Drake* the court should "look only to the timing of the right to receive it." *Id.* at 499, 725 A.2d at 726. Where the parties differ in their analyses, however, centers on the timing, i.e., when did Husband's enforceable right "accrue." Husband contends that that right accrued on May 27, 1999, the date he and his employer agreed to enter into the C & R, because before that date he had no enforceable right. Wife counters Husband's argument, maintaining that the right to receive the award arose at the time of injury. She further argues that to hold otherwise would encourage an injured worker to hold off settling a claim until after separation just to ensure that the benefits received as a result of the claim would not be considered marital property.

¶ 10 In reviewing the *Drake* opinion, we are cognizant that the injury, the payment of weekly benefits and the final commutation all occurred prior to the separation of the parties. The sole "events" that could be construed as continuing beyond the date of separation were benefits that could be classified as future wages. However, according to *Drake,* this is of no moment. We only look to see when the right to receive the award or settlement arose. *Id.* In *Drake,* the pertinent date was the agreed upon date that began the husband's partial disability benefit period, which was the basis for the commutation. Moreover, the *Drake* court made clear that the date of injury, July 29, 1985, was not the date when the husband's right to receive the commutation accrued.

¶ 11 Here, we note that the injury occurred prior to separation, but that Husband and the employer agreed to the C &

R almost one year after Husband and Wife separated. Moreover, because the employer denied Husband's claim, Husband was required to prove his entitlement to the specific loss benefits. In order to establish this right, he was required to prove that he suffered the permanent loss of use of his eye for all practical intents and purposes. *See Crews v. Workers' Compensation Appeal Board (Ripkin)*, 767 A.2d 626 (Pa.Cmwlth.2001). This determination is a question of fact to be resolved by the workers' compensation judge. *Id.* The mere fact that an injury occurred is insufficient to establish that benefits are due. *See* WC Act, 77 P.S. § 411(1).

¶ 12 Having determined that Husband had to prove his entitlement to the specific loss benefits, we recognize that his enforceable right to those benefits could only come to fruition at a point in time when the workers' compensation judge so found or if the parties entered into an agreement.[3] Thus, we conclude that May 27, 1999, the date Husband and employer agreed to settle the claim, is the date Husband's enforceable right to the specific loss benefits accrued. Because this date follows the date of separation, we rule that those benefits can not be included in the marital estate. The trial court erred as a matter of law by including the C & R award as a marital asset subject to equitable distribution. For the reasons stated above, we vacate the trial court's order and remand the matter so that the trial court can reassess the equitable distribution of the marital estate.

¶ 13 Order VACATED. Case REMANDED for further proceedings. Jurisdiction relinquished.

---

**3.** Obviously, if an employer does not contest a claim, the date on which the employer accepts liability would equate with the claimant's enforceable right.