**Renee S. Luster FISHMAN, Appellant,**

v.

**Steven E. FISHMAN, Appellee.**

Superior Court of Pennsylvania.

Argued June 25, 2002.

Filed Aug. 1, 2002.

Jeffrey D. Servin, Philadelphia, for appellant.

Leonard Dubin, Philadelphia, for appellee.

Before LALLY–GREEN, OLSZEWSKI, and POPOVICH, JJ.

OLSZEWSKI, J.

¶ 1 Renee Fishman ("wife") appeals from the equitable distribution award entered November 14, 2001. We affirm.

¶ 2 Steven Fishman ("husband") and wife were married on June 19, 1977. Trial Court Opinion, 2/11/02, at 1. The parties separated in June 1994, and have not lived together since that date. *Id.* Wife continues to inhabit the marital residence.

¶ 3 On May 12, 1995, wife filed a complaint in divorce seeking equitable distribution, alimony, child support, and counsel fees. Wife filed exceptions to the recommendations of the divorce master on May 11, 1999. A trial *de novo* was held in early 2000. On November 7, 2001, the Honorable Rhonda Lee Daniele issued Findings of Fact and an Equitable Distribution Order. Wife was awarded the marital residence, 85% of the value of husband's business interest at the time of separation, 85% of husband's retirement, and 25,000 in attorney's fees. A corrected order was issued on November 14, 2001, remedying a typographical error. The current appeal followed.

¶ 4 Wife raises the following issues on appeal:

1. Did the trial court abuse its discretion when it determined that the health care consulting firm was not an exchanged marital asset.

2. Did the trial court err in finding that the valuation of the marital assets should be the date of separation.

3. If the Superior Court finds that the health care consulting firm is a marital asset and that valuation of that asset should be as of the date of distribution, then is remand necessary to hear additional testimony as to the value of the asset.

4. Notwithstanding the determination by the trial court that ZAC was not a

marital asset, should not the appellant be granted prejudgment interest on a consistent basis with appellant's share of husband's pension plan.

Appellant's Brief at 5–6.

¶ 5 Our review of an equitable distribution order is limited as "such awards are within the sound discretion of the trial court, and will not be disturbed absent an abuse of discretion." *Pudlish v. Pudlish,* 796 A.2d 346, 348 (Pa.Super.2002). "An abuse of discretion will be found by this [C]ourt only if the trial court failed to follow proper legal procedures or misapplied the law." *DeMarco v. DeMarco,* 787 A.2d 1072, 1075 (Pa.Super.2001).

¶ 6 Wife claims the trial court erred when it found that ZA Consulting ("ZAC") was a non-marital asset. "The determination of whether an asset is part of the marital estate is a matter within the sound discretion of the trial court." *Brody v. Brody,* 758 A.2d 1274, 1279 (Pa.Super.2000).

¶ 7 In 1978, husband began working full-time at the accounting firm of Zelenkofske and Axelrod ("ZA"). Findings of Fact, 11/14/01, at 3. Husband continued to work in the health care consulting section of ZA until 1997. *Id.* In April 1997, three years after the date of separation, husband and several other partners purchased the health care consulting section of ZA and created Zelenkofske Axelrod Consulting ("ZAC"). *Id.* The trial court determined that husband's interest in ZA was a marital asset, but not his interest in ZAC "for the simple reason that it was acquired after the date of separation." Trial Court Opinion, 2/11/01, at 7. We find no abuse of discretion.

¶ 8 Wife argues that husband's interest in ZAC should be considered marital property even though it was purchased after the date of separation because it was acquired through the use of marital assets. Marital property includes all property acquired by either party during the marriage and any "property acquired after separation until the date of divorce if that property is acquired 'in exchange for marital assets.'" *Nagle v. Nagle,* 799 A.2d 812, 2002 WL 993367, at *6 (Pa.Super. May 16, 2002); *see also,* 23 Pa.C.S. § 3501. Specifically, wife claims that a portion of the purchase price for ZAC came from husband's waiver of his right to a partnership buyout from ZA. Appellant's Brief at 15. We agree with the trial court that wife has failed to present sufficient evidence that husband's interest in ZAC was purchased with marital assets.

¶ 9 Husband acquired his interest in ZAC in 1997, three years after the parties separated. The purchase price of $5.25 million dollars was funded solely through PNC Bank. Finding of Facts, 11/20/01, at 4. Husband did not use marital assets to purchase ZAC. Although the four partners withdrawing from the accounting firm were required to waive or surrender any contractual interests remaining in ZA, wife presents no evidence that these waivers contributed to the purchase price of ZAC. The formal stock surrenders of husband and his partners may have been necessary to maintain the viability of a closely-held corporation, and were unrelated to the purchase of ZAC. Wife has failed to establish that husband purchased ZAC through the waiver of his 19.6% interest in ZA. As a result, the trial court properly determined that ZAC was a non-marital asset.

¶ 10 Wife also argues the trial court erred by utilizing the date of separation to determine the value of the marital property rather than the date of distribution. We believe the trial court had legitimate reasons for preferring a valuation as

of the date of separation and find no abuse of discretion.

¶ 11 "Despite a preference for valuing marital assets at or near the time of distribution, there may be circumstances where it is more appropriate to value marital assets as of the date of separation." *Smith v. Smith*, 439 Pa.Super. 283, 653 A.2d 1259, 1270 (1995). "The lower court's objective in selecting a date for the valuation of marital assets is to select a date which works economic justice between the parties." *McNaughton v. McNaughton*, 412 Pa.Super. 409, 603 A.2d 646, 649 (1992).

¶ 12 The trial court "determined that husband's interest in ZA was a marital asset as of the date of separation; however, his interest is ZAC [is] not [a] marital asset[ ]." Trial Court Opinion, 2/11/02, at 11. It would be impossible to use the date of distribution to value husband's interest in ZA as it no longer existed. Husband's interest in ZA ceased to exist the moment he entered into the purchasing agreement for ZAC. Since husband acquired his interest in ZAC with non-marital funds, the utilization of the date of distribution would give wife an interest in a non-marital asset. We agree with the trial court that the use of the separation date as the date of valuation is the one "most likely to achieve economic justice." *Id.* at 8. As we find the trial court did not err in classifying the marital property or setting the date for valuation, there is no need to address wife's third issue.

¶ 13 In the event that this Court determines ZAC to be a non-marital asset, wife argues she should at least be awarded pre-judgment interest "with respect to the valuation of the accounting firm ZA." Appellant's Brief at 23. We disagree. The fact that wife was awarded pre-judgment interest with regard to her share of husband's pension does not require the trial court to also award interest with regard to other marital property. Husband's interest in ZA and his pension are two very different types of marital property. The court appears to recognize that husband's pension plan accrued interest throughout the period between separation and judgment and deemed it was proper for wife to share in the increase. The trial court, however, "determined that it was fair and just not to grant pre-judgment interest with respect [to] the valuation of wife's interest in the accounting firm for the period in question." Trial Court Opinion, 2/11/02, at 9–10. As wife has failed to present this Court with any compelling reason why she is entitled to pre-judgment interest on a marital asset that ceased to exist prior to judgment, we find no abuse of discretion.

¶ 14 Order affirmed.