J-A03013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FRANKLIN E. KEPNER, JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TINE KEPNER A/K/A ANNE KEPNER | |
| Appellee | No. 603 MDA 2014 |

Appeal from the Decree March 17, 2014
In the Court of Common Pleas of Columbia County
Domestic Relations at No(s): 603 MDA 2014

BEFORE:  MUNDY, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JUNE 03, 2015**

Appellant, Franklin E. Kepner, Jr., (Husband) appeals from the March 17, 2014 final decree in divorce from his bonds of matrimony with Appellee, Tine Kepner (Wife).  Husband raises various challenges to the trial court's economic awards for equitable distribution, alimony, and alimony *pendent lite* (APL).  After careful review, we affirm in part and reverse in part.

A review of the certified record discloses the following pertinent procedural history of this protracted divorce case.  On February 22, 2008, Husband filed a complaint in divorce including counts for no-fault divorce and equitable distribution of marital property.  Wife filed an answer and counterclaim on March 17, 2008, including, *inter alia*, additional counts for alimony, APL, costs and expenses, and counsel fees.  On June 28, 2010,

_____

[*] Former Justice specially assigned to the Superior Court.

upon agreement of the parties, the trial court appointed Michael Dennehy, Esquire as special master (the master) to address the divorce, equitable distribution, alimony, APL, counsel fees, and costs and expenses issues. Hearings before the master were conducted on December 14, 2010 and February 3, 2011. On November 10, 2011, the master filed a notice of filing a master's report. Wife filed exceptions on November 30, 2011, and Husband filed exceptions on December 22, 2011.[1]

Specifically, Husband took exception to the master's report for its exclusion of Wife's personal injury award from marital property in light of the new Supreme Court case of *Focht v. Focht*, 32 A.3d 668 (Pa. 2011) (holding that settlement proceeds received post-separation by spouse in personal injury tort action, were marital property because cause of action accrued prior to separation, overruling *Pudlish v. Pudlish*, 796 A.2d 346 (Pa. Super. 2002)). Husband also took exception to the master's report for its failure to provide a final date for payment of APL, for awarding Wife alimony and counsel fees in light of her substantial non-marital assets, and for its alleged failure to properly account for certain rental value and asset dissipation in determining the equitable distribution award. *See* Husband's Exceptions to the Report and Recommendations of Special Master Filed on November 10, 2011, 12/22/11, at ¶¶ 1-7.

_____

[1] On February 27, 2012, Husband filed a petition to bifurcate the divorce counts from the economic counts, to which Wife filed an answer opposing. The trial court never acted on the petition.

On October 25, 2012, the trial court issued an order remanding the matter to the master for recalculation of equitable distribution, alimony, and APL in light of **Focht**. Trial Court Order, 10/25/12, at 1 ¶¶ 1-4. The trial court also sustained in part Husband's exception to the master's consideration of the factors pertaining to potential offsets and/or credits relative to the sale value of the marital residence, directing the master to consider its November 17, 2011 order on the subject. *Id.* at 5. The trial court overruled Husband's remaining exceptions. *Id.* at 4.

On September 9, 2013, the master filed a notice of filing master's report on remand.[2] Husband filed exceptions to the master's report on remand on September 26, 2013. Therein, Husband alleged various errors connected with the master's new APL recommendation. Husband's Exceptions to the Master's Report on Remand, 9/26/13, at ¶ 7. Wife filed exceptions to the report on September 30, 2013. Thereafter, Husband filed "counter exceptions" on October 22, 2013, reiterating, *inter alia*, most of his exceptions to the master's original report. Husband's Counter Exceptions to the Master's Report on Remand, 10/22/13, at ¶¶ 1-9. The trial court denied all exceptions of both parties by order filed March 7, 2014. On March 13, 2014, Wife filed a praecipe for entry of a final divorce decree. The decree

---

[2] The master's reports and recommendations of November 10, 2011 and September 9, 2013, do not contain numbered pages. For purposes of reference, we have assigned sequential pagination, beginning after the respective title pages.

was filed on March 17, 2014. Husband filed a timely notice of appeal on April 4, 2014.[3]

Subsequent to the filing of the instant appeal, Wife filed a motion to quash, asserting the order appealed from was not a final order. On June 20, 2014, this Court issued a *per curiam* order denying Wife's motion without prejudice to present the issue before this Panel. Both parties have addressed the issue in their appellate briefs.

On appeal, Husband raises the following issues for our review.

> I.     Whether this appeal should be quashed in light of the [trial] court's order of March 5, 2014[,] which stated that the report and recommendation of the [m]aster are adopted as a final order of court[, *i.e.,* "]the parties are advised of their right to file a motion for reconsideration pursuant to Pa.R.C.P. 1930.2 (b) or a notice of appeal pursuant to Pa.R.A.P. 903["?]
>
> II.    Whether the [trial] court erred in awarding [Wife] alimony in light of her substantial non-marital assets, in light of the ages of the parties and in light of the fact that the [m]aster's recommendation of November 2011 recommended alimony of one year[,] which was to terminate in November 2012[?]
>
> III.   Whether the [trial] court erred in substantially increasing []Husband's [APL] obligation retroactive to December 9, 2010 in light of Wife's substantial assets, in light of the parties ages and in light of the fact that Husband has been paying [APL] for a period of in excess of five years[?]
>
> IV.    Whether the [trial] court erred in awarding [Wife] payment toward her counsel fees given the

---

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

- 4 -

fact that she has substantial assets and given the fact that []Husband has been paying [APL] for in excess of five years together with medical insurance and given the further fact that the master originally ordered that [APL] was to terminate in February 2012[?]

V.    Whether the [trial] court erred in regard to its order concerning non[-]marital property because its subsequent order contradicts an order of the [trial] court after [m]aster's hearing on or about November 17, 2011[?]

VI.    Whether the [trial] court erred in not permitting a hearing and/or a conference on the petition to modify [APL]/support[?]

VII.    Whether the [trial] court erred in not allowing the []Husband to take discovery including the deposition of the []Wife[?]

Husband's Brief at 2-3.

We initially address Wife's motion to quash. In his notice of appeal, Husband purports to appeal from the trial court's March 7, 2014 order denying the parties' exceptions to the amended master's report and finalizing the trial court's disposition of the parties' economic claims. Wife notes as follows.

> An appeal to the economic claims raised in a divorce action can only be filed to the divorce decree, which is the final order. In the instant matter, Husband filed an appeal to the order disposing of the exceptions filed to the divorce master's report. For that reason alone, the instant appeal should be quashed.

Wife's Brief at 8. We agree that the March 7, 2014 order is not a final order.

> Unless otherwise permitted by statute or rule, an appeal will lie only from a final order. Pa.R.A.P. 341. A final order has been defined as one which ends the litigation or disposes of the entire case. [*Id.*] Therefore, a pre-divorce decree distributing marital property is interlocutory. It cannot be reviewed until it has been rendered final by the entry of a decree in divorce.

*Wilson v. Wilson*, 828 A.2d 376, 378 (Pa. Super. 2003) (some citations omitted). However, Wife filed a praecipe for the entry of a final divorce decree on March 13, 2014, and the trial court entered the final decree on March 17, 2014. Thus, Husband's April 4, 2014 notice of appeal was filed after the entry of a final decree but merely referenced the wrong order. Accordingly, this court's jurisdiction is not implicated, and we will correct the caption to reflect an appeal from the final decree. *See also* Pa.R.A.P. 905(a)(5) (providing, "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof). For these reasons, we decline to quash the appeal.

Husband's second issue asserts it was error for the trial court to award any alimony to Wife under the circumstances of the case. Husband's Brief at 16. Instantly, the trial court adopted the master's recommendation that Wife receive $1,500.00 per month in alimony from Husband for 12 months.[4]

---

[4] The suggested alimony award in the master's amended recommendations remained unchanged from the suggested award contained in his November 10, 2011 recommendations.

*See* Master's Recommendations to the Court, 11/10/11, at 1, ¶ 2; Master's

Amended Recommendations to the Court, 9/9/13, 1, ¶ 2.   The trial court

rejected Husband's exceptions to this award.   Trial Court Order, 10/25/12,

at 4.

Our review of a challenge to a trial court's alimony award is subject to

the following standard.

> The role of an appellate court in reviewing alimony
> orders is limited; we review only to determine
> whether there has been an error of law or abuse of
> discretion by the trial court.   Absent an abuse of
> discretion or insufficient evidence to sustain the
> support order, this Court will not interfere with the
> broad discretion afforded the trial court.

*Smith v. Smith*, 904 A.2d 15, 20 (Pa. Super. 2006) (citation omitted).

"Proper exercise of discretion requires the [trial] court to apply the Divorce

Code in a compassionate and reasonable manner so that the overriding goal

of effectuating justice between the parties may be achieved."   *Edelstein v.*

*Edelstein*, 582 A.2d 1074, 1078 (Pa. Super. 1990) (citation omitted),

*appeal denied*, 596 A.2d 157 (Pa. 1991).

> We previously have explained that 'the purpose of
> alimony is not to reward one party and to punish the
> other, but rather to ensure that the reasonable
> needs of the person who is unable to support himself
> or herself through appropriate employment, are
> met.'   Alimony 'is based upon reasonable needs in
> accordance with the lifestyle and standard of living
> established by the parties during the marriage, as
> well as the payor's ability to pay.'   Moreover,
> 'alimony following a divorce is a *secondary remedy*
> and is available only where economic justice and the
> reasonable needs of the parties cannot be achieved

by way of an equitable distribution award and development of an appropriate employable skill.'

*Gates v. Gates*, 933 A.2d 102, 106 (Pa. Super. 2007) (citation omitted, emphasis in original), *quoting **Teodorski v. Teodorski***, 857 A.2d 194, 200 (Pa. Super. 2004). "The Divorce Code dictates that in determining the nature, amount, duration and manner of payment of alimony, the court must consider all relevant factors, including those statutorily prescribed for at 23 Pa.C.S.A. § 3701, Alimony, (b) Relevant Factors (1)-(17)." **Smith**, *supra* (internal quotation marks and citation omitted). "[T]he totality of the assets and income actually available to the dependent spouse must be fairly evaluated, regardless of the source from which they derive." **Nemoto v. Nemoto**, 620 A.2d 1216, 1221 n. 6 (Pa. Super. 1993) (citation omitted).

Husband identifies "[two] key factors which [he] believes the [m]aster and the [trial] [c]ourt ignored when setting out the [r]ecommendation and ultimate decision [] concerning alimony[.]" Husband's Brief at 16. Specifically, Husband references Wife's non-marital assets, including a $770,000.00 inheritance, and his payment of APL since February 26, 2008. *Id.* at 16, 17-18.

Contrary to Husband's assertion that these factors were "ignored," the master in fact considered these facts and weighed them against other circumstances in this case to reach his recommendation of the alimony award. The master explained his recommendation as follows.

> Considering the various factors under § 3701 of the Divorce Code pertaining to alimony, particularly the substantial earnings and earnings capacity of Husband compared to that of Wife, the [m]aster believes an award of alimony is appropriate. Tempering the award of alimony, however, is the substantial separate estate of Wife, Wife's choice not to seek to improve her income position since separation, and the period of substantial spousal support paid by Husband. The [m]aster specifically finds that the large separate estate of Wife significantly reduces her need for alimony to meet her reasonable needs.

Master's Report to the Court, 11/10/11, at 20, ¶ N.

Husband's true complaint seems to be how the master and the trial court gauged Wife's non-marital property and her extended receipt of APL as factors "tempering" her need for alimony, against the parties disparate earning potential as justifying an alimony award. Husband's Brief at 18-19. Our review of the record indicates the master's finding, as accepted by the trial court, are amply supported. Husband's annual income in excess of $200,000.00 compared to Wife's annual income of $11,000.00 was certainly one such consideration. Master's Report to the Court, 11/10/11, at 5-6, ¶¶ 7, 10. Accordingly, we discern no abuse of discretion by the trial court in including an alimony award to Wife as part of its overall resolution of achieving economic justice between Husband and Wife. **See Edelstein**, **supra.**

In his third issue, Husband faults the trial court for imposing a retroactive increase in his APL obligation to Wife. Husband's Brief at 19.

Husband advances the same arguments he made relative to the trial court's alimony award discussed above, *i.e.*, that due to Wife's substantial non-marital property and her past receipt of APL, no need for the additional APL was shown. *Id.* at 20. Husband also claims the trial court erred because the master's recommendation after remand left him in a financially worse position than before the remand. *Id.* at 21.

> The [m]aster awarded Husband []$37,920.00[] from the personal injury eye proceeds but then increased his [APL] payments []$43,266,63[]. Thus, Husband received marital property under the dictates … in *Focht*[] in the amount of []$37,920.00[]. Husband then lost []$43,266.63[] under the [m]aster's calculations cornering [sic] [APL]. This was clearly in error.

*Id.*

Our review of this issue is guided by the following.

> We review APL awards under an abuse of discretion standard. APL is "an order for temporary support granted to a spouse during the pendency of a divorce or annulment proceeding." 23 Pa.C.S.A. § 3103. APL is designed to help the dependent spouse maintain the standard of living enjoyed while living with the independent spouse. Also, and perhaps more importantly, APL is based on the need of one party to have equal financial resources to pursue a divorce proceeding when, in theory, the other party has major assets which are the financial sinews of domestic warfare. … [T]he purpose of APL is to provide the dependent spouse equal standing during the course of the divorce proceeding…. APL focuses on the ability of the individual who receives the APL during the course of the litigation to defend her/himself, and the only issue is whether the amount is reasonable for the purpose, which turns on the economic resources available to the spouse.

> Additionally, [i]n ruling on a claim for [APL], the court should consider the following factors: the ability of the other party to pay; the separate estate and income of the petitioning party; and the character, situation, and surroundings of the parties. An award of [APL] may be modified or vacated by a change in circumstances…. It is the burden of the party seeking to modify an order of support to show by competent evidence that a change of circumstances justifies a modification.

*Childress v. Bogosian*, 12 A.3d 448, 463 (Pa. Super. 2011) (some internal quotation marks, citations, and footnote omitted).

To the extent, with this issue, Husband also faults the trial court's division of the personal injury award as marital property, our review is guided by the following.

> Our standard of review in assessing the propriety of a marital property distribution is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence. Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence.

*Yuhas v. Yuhas*, 79 A.3d 700, 704 (Pa. Super. 2013) (*en banc*) (citations omitted), *appeal denied*, 93 A.3d 464 (Pa. 2014). "Our scope of review requires us to measure the circumstances of the case against the objective of effectuating economic justice between the parties in discerning whether the trial court misapplied the law or failed to follow proper legal procedure." *Gates*, *supra* at 105 (citation omitted). "In determining the propriety of an

equitable distribution award, courts must consider the distribution scheme as a whole." ***Beise v. Beise***, 979 A.2d 892, 895 (Pa. Super. 2009) (citation omitted).

> The weight to be given to [] statutory factors depends on the facts of each case and is within the court's discretion. We will not reweigh them. We look at the distribution as a whole, in light of a trial court's overall application of the factors enumerated at 23 Pa.C.S.A. § 3502(a). In addition we note, the trial court has the authority to divide the award as the equities presented in the particular case may require.

***Busse v. Busse***, 921 A.2d 1248, 1259-1260 (Pa. Super. 2007) (internal quotation marks and citations omitted), *appeal denied*, 934 A.2d 1275 (Pa. 2007).

In its initial report and recommendations to the trial court, the master, following then prevailing precedent, did not treat Wife's settlement proceeds from her personal injury claim as marital property. Master's Report to the Court, 11/10/11, at 14-15, ¶ J. Wife's claim accrued during the marriage but settlement occurred after the date of separation, and pursuant to this Court's decision in ***Pudlish***, the master treated the settlement proceeds as her non-marital property. ***Id.*** As noted, in response to the parties' exceptions, the trial court directed the master to re-evaluate his recommendations of alimony, APL, and equitable distribution in light of our Supreme Court's decision in ***Focht***. The Court in ***Focht*** overruled ***Pudlish*** and held that an award for personal injury, the cause of action for which

accrues during the marriage, is marital property irrespective of when a settlement or judgment is obtained. *Focht*, *supra* at 674.

On remand, the master noted that the settlement from Wife's personal injury claim for injury to her eye included $114,000.00 received by Wife and $12,800.00 received by Husband for his loss of consortium claim. Master's Report to the Court on Remand, 9/9/13, at 8, ¶ H. The master recognized that a portion of Wife's settlement would have accounted for possible future expenses and medical issues concerning Wife's eye. *Id.* The master, therefore, concluded a 60%/40% division of this $126,800.00 marital asset in favor of Wife was equitable even though the remainder of the equitable division of marital property remained 50%/50%. *Id.* The master also noted that the portion of the settlement received by Wife had been considered income to Wife for the purposes of the master's calculations in determining the prior APL award. *Id.* at 6, ¶ F. Therefore, the master recalculated the parties' income relative to the APL guidelines at Pa.R.C.P. 1910.16-4(a) *PART IV*. *Id.* at 9-10, ¶ I. The master described the results of that recalculation as follows.

> This results in [Wife's] income being reduced by $3,377.78 per month. That decrease results in an increase in Husband's [APL] obligation from $2,217.25 per month to $3,528.36 per month, retroactive to December 9, 2010. The change of $1,311.11 per month equates to 40% of the decrease in the income utilized for Wife, per the formula set forth at Pa.R.C.P. 1910.16-4(a), Part IV."

*Id.*

Our review discloses the master and the trial court considered the requisite statutory factors in determining the amended APL and equitable distribution award, and we will not reweigh those factors. *See Busse*, *supra*. We note there was nothing in the trial court's remand order directing the master, in applying *Focht*, to achieve an economically neutral result vis-à-vis his original recommendations. *See* Trial Court Order, 10/25/12. The master's consideration of Wife's potential future medical needs justified the percentage distribution attached to the personal injury claim proceeds, and the master's recalculation of the APL award with the adjusted income figures comports with support guidelines. Accordingly, we conclude the trial court did not abuse its discretion in adopting the master's amended recommendations, increasing retroactively Wife's APL award and dividing the personal injury claim proceeds 60% to Wife and 40% to Husband. *See Gates*, *supra* at 105.

In his fourth issue, Husband challenges the trial court's acceptance and adoption of the master's recommendation directing him to pay $7,000.00 toward Wife's counsel fees. Husband's Brief at 22. Husband cursorily advances similar arguments to those he raised in his first issue objecting to the trial court's alimony award to Wife, *i.e.*, that the value of Wife's separate property and the long period she has received APL payments from Husband undermine the trial court's conclusion that an award of counsel fees is warranted. *Id.* at. 24. Husband also contends that Wife

submitted evidence of past counsel fees, for which she did not seek contribution. *Id.* at 23. We review this issue in accordance with the following standard.

> We will reverse a determination of counsel fees and costs only for an abuse of discretion. The purpose of an award of counsel fees is to promote fair administration of justice by enabling the dependent spouse to maintain or defend the divorce action without being placed at a financial disadvantage; the parties must be "on par" with one another.
>
> Counsel fees are awarded based on the facts of each case after a review of all the relevant factors. These factors include the payor's ability to pay, the requesting party's financial resources, the value of the services rendered, and the property received in equitable distribution.
>
> Counsel fees are awarded only upon a showing of need. In most cases, each party's financial considerations will ultimately dictate whether an award of counsel fees is appropriate. Also pertinent to our review is that, in determining whether the court has abused its discretion, we do not usurp the court's duty as fact finder.

*Busse*, *supra* at 1258 (internal quotation marks and citations omitted).

At the time of the final hearing date before the master, Wife had incurred in excess of $16,000.00 in counsel fees from her current counsel, Michael Beltrami, Esquire, from the time of his appearance in the case on February 13, 2009. *See* N.T., 2/3/11, at 239, Exhibits D-15 and D-15A. In her pretrial statement, Wife sought an award for Husband to pay Attorney Beltrami's counsel fees. Wife's Pre-Trial Statement, 12/8/10, at 5. She did

not seek Husband's contribution for fees she incurred from prior counsel Martin Meyer, Esquire. *Id.* Nevertheless, Wife testified that she had been billed more than $40,000.00 in fees from her former counsel. Master's Report to the Court, 11/10/11, at 7, ¶ 17.

Husband claims it was error for the master and the trial court to consider Attorney Meyer's bills in awarding counsel fees. Husband's Brief at 23. We note that the trial court only gave partial relief for Wife's claim for counsel fees, awarding less than half of the fee charges incurred from her current counsel. Master's Amended Recommendations, 9/9/13, at 2, ¶ 3. Thus, the trial court did not direct Husband to pay Wife's counsel fees incurred from her original attorney. Neither was it improper for the trial court to consider the bills from Wife's former counsel as part of its review of "each party's financial considerations." *Busse*, *supra* at 1258. Further, we discern no abuse of discretion by the trial court in its overall assessment of the relevant factors in this case, and we decline to reweigh those factors in isolation as urged by Husband. *See id.* at 1259-1260.

Appellant next alleges it was an abuse of discretion for the trial court to adopt and incorporate the master's findings on remand relative to the status of the parties' non-marital property. Husband's Brief at 24. In its original report to the trial court, the master found that various items of Husband's non-marital personal property were in Wife's possession at the marital residence and needed to be returned to him within 30 days.

Master's Recommendations, 11/10/11, at 2, ¶ e, Schedule "C". The trial court, in its October 25, 2012 order remanding for reconsideration and recalculation of alimony, APL, and equitable distribution in light of *Focht*, specifically stated, "**THIS IS NOT AN ORDER RE-OPENING THE RECORD**." Trial Court Order, 10/25/12, at 1, ¶ 3 (emphasis in original). The trial court's directive that the "evidence which had been submitted is the evidence which will form the basis of the MASTER's FINDINGS in his report." *Id.* (emphasis in original). The trial court also directed the master to consider its order of November 17, 2011, in preparing his report. *Id.* at 5. That order directed, *inter alia*, that "the Master's Report filed November 10, 2011 **shall** determine the distribution of all marital property." Trial Court Order, 11/17/11, at 1, ¶ 3 (emphasis added).

On remand, the master did not take any further testimony. Notwithstanding the foregoing admonitions, however, the master included the following "supplemental" finding of fact. "When [W]ife vacated the residence, she left most of Husband's personal property at the residence, with the notable exception of an antique blue and white blanket …." Master's Report to the Court on Remand, 9/9/13, at 2, ¶ 32.

We conclude this finding is clearly without support in the record and contradicts the trial court's directions on remand. Accordingly, we agree with Husband that the trial court abused its discretion in adopting this finding. Therefore, to the extent the trial court's March 7, 2014 order can be

construed as adopting a finding of fact that the parties' non-marital property has been returned or is in the possession of the appropriate party, the same is hereby reversed as not being supported by any record evidence. *See Yuhas*, *supra.* Any dispute between the parties relative to compliance with the November 10, 2011 master's recommendation as adopted by the trial court's November 17, 2011 and October 25, 2012 orders, relative to the disposition of the parties' non-marital property, is the proper subject of an enforcement action upon full development of a record.

Accordingly, we reverse the trial courts adoption of the master's finding on remand relative to the parties' compliance with the proper return of their respective non-marital property. Our reversal does not affect the overall scheme of the trial court's resolution of the economic issues, so no remand to the trial court is required.

In Husband's final two issues, he faults the trial court for not conducting a hearing on his petition for modification of APL and for not permitting certain discovery. We note, however that neither of these issues were included in Husband's Rule 1925(b) statement or are reasonably inferable from any of the issues included therein. *See* Husband's Concise Statement of Errors Complained of on Appeal, 5/12/14. Hence, we deem the issues waived. "Any issues not raised in a Rule 1925(b) statement will be deemed waived." *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011).

> Our Supreme Court intended the holding in [*Commonwealth v. Lord*, 719 A.2d 306 (Pa.

> 1998)] to operate as a bright-line rule, such that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised." ***Commonwealth v. Schofield***, 585 Pa. 389, 888 A.2d 771, 774 (2005) (emphasis added); ***see also*** [***Commonwealth v. Castillo***, 888 A.2d 775, 780 (2005)]. Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention.

***Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 223-224 (Pa. Super. 2014) (*en banc*).

In sum, we affirm the decree of divorce and the trial court's resolution of the economic issues between the parties. Specifically, we affirm the trial court's alimony, APL, and equitable distribution orders. However, we reverse the trial court's finding, contained in the master's report on remand, relative to status of the parties' return of their respective non-marital property. Any dispute arising on that issue may be addressed in an appropriate enforcement action.

Decree affirmed in part and reversed in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2015

- 19 -