J-S33028-25

**47NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DEBORAH S. DAVIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GLENN J. DAVIS | : | No. 471 EDA 2025 |

Appeal from the Order Entered March 13, 2025
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  C-48-CV-1996-09442

BEFORE:  BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:　　　　　　　**FILED FEBRUARY 25, 2026**

Appellant Deborah S. Davis (Wife) appeals from the trial court's equitable distribution order in Wife's divorce from Appellee Glenn J. Davis (Husband).  Specifically, Wife claims that the trial court erred in adopting the divorce hearing officer's recommendations regarding the value of the marital home.  For the reasons that follow, we vacate and remand for further proceedings.

Briefly, Wife filed for divorce in December of 1996, after the parties separated.  *See* Trial Ct. Op., 1/30/25, at 1.  On October 26, 2023, nearly twenty-seven years later, a hearing was held before divorce hearing officer Constance Nelson, Esq. (DHO Nelson).  *See* N.T., 10/26/23.  At the hearing, real estate appraiser David Feaver testified that the fair market value of the parties' marital home was $454,500 as of May 18, 2023.  *See id.* at 10.  Mr. Feaver also testified that he performed a "retrospective appraisal going back

to December of 1996" and concluded that the value of the marital home at that time was $243,500. *Id.* at 22. Mr. Feaver stated that he calculated the 1996 value based on the same methodology as for the 2023 valuation, "but it was more difficult to do because it required manually going through old records, archives and so on." *Id.* at 22-23.

On July 17, 2024, DHO Nelson filed her report and recommendations. Therein, she found that the parties jointly owned a marital home and Wife had vacated the residence in 1996, at which time the property had been subject to three mortgages. *See* Master's Rpt., 7/17/24, at 13-14. DHO Nelson also found that, after Wife left, Husband had paid off the balances on the three mortgages, with the last payment made in 2018, and that Husband had also paid the property taxes and other maintenance expenses on the marital residence, without any contribution from Wife. *Id.* at 14-17. DHO Nelson noted that "Wife no longer wishe[d] to reside in the marital residence." *Id.* at 17.

DHO Nelson made the following recommendations regarding the marital home:

> Wife shall receive one-half of the value of the property at the time of separation, which was $243,500, plus her share of the . . .liens that encumbered the property at the time of separation, which totaled $101,483.99. Therefore, Husband shall pay Wife $71[,]008.06 in . . . settlement of . . . all claims that Wife has to the marital residence . . . . Wife's claim for fair rental credit is denied.
>
> In light of Wife's above award, Husband's requests for reimbursement for property taxes, and property insurance are denied accordingly.

*Id.* at 18 (some formatting altered).

Wife filed timely exceptions to DHO Nelson's report, in which she argued that using the date of separation valuation of the marital home would "depriv[e] her of the present value" of the property. Wife's Exceptions, 7/24/24, at 1 (unpaginated). Wife also argued that it was unreasonable to deny her a rental credit, given her living expenses and inability "to utilize the equity in the marital home . . . because of Husband's desire to possess the property." *Id.* at 2. Wife claimed that the recommended award penalized her for "leaving the marriage" and failed to account for Husband having "had exclusive use and enjoyment of the property, when Wife had to finance a separate life for herself," and that Husband was "far better situated financially than Wife." *Id.* at 2-3. Wife requested an award of "one half of the equity in the marital home property, utilizing the present value" and to "grant her a mortgage/deviation credit so that she is not required to finance Husband's life in the marital home property." *Id.* at 3.

The trial court heard argument on Wife's exceptions on November 26, 2024. On January 30, 2025, the trial court entered an order denying Wife's exceptions and adopting DHO Nelson's recommendations. *See* Trial Ct. Order, 1/30/25. On February 19, 2025, Wife filed a notice of appeal from the equitable distribution award order. On March 13, 2025, the trial court entered

an order divorcing the parties. [1, 2]  ***See*** Trial Ct. Order, 3/13/25.  Both Wife

and the trial court complied with Pa.R.A.P. 1925.[3]

On appeal, Wife raises the following issues:

1. Did the trial court err by utilizing a 27[-]year[-]old separation date as the valuation date for real property deeded to [Wife and Husband] as tenants by the entireties, ignoring a jointly secured real estate appraisal that established the present value?

2. Did the trial court err in awarding [] Husband the entire increase in value for the marital home property, depriving [] Wife of her equitable share and treating her disparately?

3. Did the trial court err in confirming an equitable distribution scheme that punished [] Wife for leaving her marriage to [] Husband[] 27 years ago[] and not pursuing equitable distribution more expeditiously?

4. Did the trial court err in not awarding a reasonable rental credit to [] Wife, for the years [] Husband lived in the home without a mortgage/note encumbrance of any kind, and when the taxes and homeowner's insurance were factored into the reasonable

_____

[1] We note that the equitable distribution award entered on January 30, 2025 became a final appealable order on March 13, 2025.  ***See Schenk v. Schenk***, 880 A.2d 633, 638 (Pa. Super. 2005) (citing ***Campbell v. Campbell***, 516 A.2d 363, 366 (Pa. Super. 1986)) (stating that "although orders of property distribution are not appealable until entry of a final divorce decree, . . . an award of equitable distribution is appealable where a divorce decree is entered while an appeal is pending" (some formatting altered)); ***see also*** Pa.R.A.P. 905(a)(5) (stating that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

[2] In this order, the trial court also corrected a typographical error in its January 30, 2025 order.  ***See*** Trial Ct. Order, 3/13/25; ***see also*** Order, 3/11/25.

[3] In lieu of a Rule 1925(a) opinion, the trial court filed a statement adopting the reasoning set forth in its opinion of January 30, 2025 opinion.  ***See*** Trial Ct. Order, 2/26/25.

rental credit value assigned by the expert who testified at the time of trial?

5. Did the trial court/divorce hearing officer err in not conducting an analysis of the statutory equitable distribution factors, or Pennsylvania case in, in favor of a *[pro] forma* summary of the law in general?

6. Did the trial court err in not setting forth the legal basis for depriving [] Wife of the increase in value of her equity in the marital home property[,] the only asset in the marital estate, as well as a reasonable rental credit?

7. Did the trial court err in failing to consider [] Husband's economic superiority and the length of time he lived in the marital home, without a mortgage/note and without any compensation to [] Wife for doing so?

Wife's Brief at 9-11 (some formatting altered).

Wife argues that the trial court erred in adopting DHO Nelson's recommended valuation of the marital home as of the date of separation, which "provide[d] a windfall" to Husband because of the property's appreciation in value. *Id.* at 29. Wife characterizes the date of separation valuation as based on "stale financial data" leading to "inequitable distribution of marital property." *Id.* at 29 (citing ***Sergi v. Sergi***, 506 A.2d 928, 931 (Pa. Super. 1986)). Wife contends that, while reliance on a date of separation valuation may be appropriate to address the "dissipation of a marital asset," such a concern does not apply here. *Id.* at 29-30 (citing ***Barnhart v. Barnhart***, 494 A.2d 443, 446 (Pa. Super. 1985)). Wife argues that, although the Divorce Code does not provide an express date of valuation for marital property, "our Supreme Court has held that, in the usual case, a valuation

date close to distribution should be used." *Id.* at 31 (citing ***Sutliff v. Sutliff***, 543 A.2d 534, 536 (Pa. 1988)).

Husband responds that, "[d]espite a preference for valuing marital assets at or near the time of distribution, there may be circumstances where it is more appropriate to value marital assets as of the date of separation." Husband's Brief at 12 (citing ***Smith v. Smith***, 653 A.2d 1259, 1270 (Pa. Super. 1995)). Husband argues that pursuant to ***Smith***, because Wife "voluntarily left" the marital home in 1996, leaving Husband solely responsible "to ensure the only marital asset was preserved," the trial court had discretion to "choose a date of valuation which best works economic justice between the parties." *Id.* at 12, 14 (citing ***Smith***, 653 A.2d at 1270).

Our standard of review for an order of equitable distribution "is limited; we will not reverse unless we find an abuse of discretion or error of law. An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence." ***Cuth v. Cuth***, 263 A.3d 1186, 1190 (Pa. Super. 2021) (citations omitted). Further, this Court has explained that we

> will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

***Jagnow v. Jagnow***, 258 A.3d 468, 471 (Pa. Super. 2021) (citation omitted).

The property rights section of the Divorce Code sets forth guidance regarding equitable distribution of a marital estate. However, the Divorce Code is silent regarding **when** to assess the value of marital assets if valuations differ based on the date employed. ***See, e.g.***, 23 Pa.C.S. § 3501, 3502.

Our Supreme Court addressed this question in ***Sutliff***. The trial court in ***Sutliff*** used the parties' date of separation to determine the value of the marital assets. ***See Sutliff***, 543 A.2d at 535. In that case, a period of three years had elapsed between the parties' separation and the date of distribution of the marital estate. ***See id.*** On appeal, this Court reversed the trial court's ruling and concluded that the assets "should reflect values as of the distribution date." ***Id.*** Ultimately, our Supreme Court affirmed this Court's decision and held that "[i]t is implicit [] in the statutory provisions governing equitable distribution that a valuation date reasonably proximate to the date of distribution must, in the usual case, be utilized" and, further, "that marital property must be distributed with reference to its value at the date of distribution." ***Id.*** at 536. Mindful that "value is by no means a constant," the ***Sutliff*** Court concluded that our legislature intended for "the equitable distribution process [to be] responsive to the contemporaneous needs and financial situations of the parties." ***Id.*** at 537.

The ***Sutliff*** Court explained that the statutory factors guiding equitable distribution focus on

the parties' financial circumstances **at the time** when marital property is to be distributed, [and concluded that] it is inconceivable that the legislature intended marital property to be valued at some **other** time. Granted, there may be situations where marital assets have been consumed or disposed of by one of the parties, thus rendering a current valuation impossible and making it necessary to rely on data that would otherwise be considered stale . . . . **See generally Sergi v. Sergi**, [] 506 A.2d 928, 931-932 ([Pa. Super.] 1986) . . . . In the usual case, however, given that the parties' present needs and circumstances are to be a major factor in distributing marital assets, it would be impossible to construct a distribution scheme that would be fully responsive to those needs and circumstances if the court were to act without taking cognizance of the current values of the assets being distributed.

**Id.** at 536-37 (emphases in original).

In **Solomon v. Solomon**, 611 A.2d 686 (Pa. 1992), the wife challenged the trial court's decision to use the date of separation to calculate the value of the marital estate. **See Solomon**, 611 A.2d at 687, 692. In that case, our Supreme Court explained that

marital assets should be valued for purposes of equitable distribution as of the date of distribution rather than the date of final separation. The equitable power conveyed upon the judiciary in [the Divorce Code[4]] requires valuation as of a date reasonably proximate to the ultimate date of distribution in order to achieve a 'just' distribution based upon the 'present' needs of the parties. **Sutliff** requires distribution of marital assets to be based upon proper consideration of the economic circumstances of the parties at the time they would actually receive the property.

_____

[4] The **Solomon** Court noted that the then-relevant provision of the Divorce Code, 23 P.S. § 401(d), had been amended during the pendency of that appeal, but concluded that the "the substance thereof is now provided in an almost identical provision of the Divorce Code, 23 Pa.C.S. § 3502(a)" and was thus still relevant. **Id.** at 689 n.7.

- 8 -

*Id.* at 689 (footnote omitted); *see also Smith*, 653 A.2d at 1270 (stating that because the Divorce Code does not specify what date should be used to calculate the value of marital property, "trial courts are given discretion to choose a date of valuation which best provides for 'economic justice' between the parties. To recognize a specific valuation date as a matter of law would deprive the trial court of the necessary discretion required to effectuate economic justice" (citations omitted and some formatting altered)).

Ultimately, the *Solomon* Court declined to reverse the trial court's decision to rely on the value of the marital assets as of the date of separation because the wife had not attempted "to update the values of marital assets during the pendency of this matter before the trial court" and, instead, requested "revised valuations of marital assets" for the first time on appeal. *Solomon*, 611 A.2d at 692.

Subsequent to *Sutliff* and *Solomon*, this Court has several times addressed the question of whether to apply a date of separation or date of distribution value to marital assets in equitable distribution. *See Butler v. Butler*, 621 A.2d 659 (Pa. Super. 1993), *reversed on other grounds*, 663 A.2d 148 (Pa. 1995); *Naddeo v. Naddeo*, 626 A.2d 608 (Pa. Super. 1993); *Smith*, 653 A.2d at 1270; and *Fishman v. Fishman*, 805 A.2d 576 (Pa. Super. 2002). These cases establish that using a date of separation valuation is appropriate where the assets are "difficult" or "impossible" to value at the date of distribution. *See Butler*, 621 A.2d at 664 (where a spouse's interest in a small accounting firm was reduced between separation and distribution due

to that spouse's business decision, the trial court erred in utilizing the date of distribution valuation); ***Naddeo***, 626 A.2d at 609-12 (date of separation valuation was appropriate to apply to a share in a law firm partnership because a date of distribution valuation would allow that spouse "to destroy the value of marital property, i.e., the partnership, simply through his voluntary dissolution of the partnership"); ***Fishman***, 805 A.2d at 577-79 (husband's interest in an accounting firm that was sold between the date of separation and the date of distribution was properly valued as of the date of separation because "[i]t would be impossible to use the date of distribution to value husband's interest in [the sold firm] as it no longer existed"); ***see also Smith***, 653 A.2d at 1270-71 (husband's retirement accounts, to which he had not contributed to post-separation, were properly valued as of the date of distribution as wife was entitled the "increase in value of the marital property component in these retirement plans" (citation omitted)).

Here, the trial court addressed Wife's claim concerning the date of valuation as follows:

> Wife argues that [DHO Nelson] erred in valuing the marital home as of the date of separation, and that the valuation date was both arbitrary and improper. We disagree. We note the unusual circumstances of this case, in which [DHO Nelson] was tasked with equitably dividing the marital estate nearly 28 years after the parties had separated with virtually no contact in the intervening time period.
>
>> The [] Divorce Code does not specify what date marital property should be valued for purposes of equitable distribution. Although the Code establishes the date of separation as the demarcation point to identify marital property, it does not specify the time

- 10 -

when marital assets must be valued. Absent a specific guideline, trial courts are given discretion to choose a date of valuation which best provides for 'economic justice' between the parties. To recognize a specific valuation date as a matter of law would deprive the trial court of the necessary discretion required to effectuate economic justice.

[*Smith*, 653 A.2d at 1270] (internal citations omitted). 'Despite a preference for valuing marital assets at or near the time of distribution, there may be circumstances where it is more appropriate to value marital assets as of the date of separation.' [*Fishman*, 805 A.2d at 579]. 'The lower court's objective in selecting a date for the valuation of marital assets is to select a date which works economic justice between the parties.' *Id.* Here, the current value of the home resulted from the efforts of Husband without contribution from Wife for the past 28 years. Further, the parties are otherwise similarly financially situated. Wife testified that the parties struggled financially during the marriage, living paycheck to paycheck. Wife was . . . earning approximately $69,000, with $27,000 in savings, and anticipated [] approximately $2,800 a month in Social Security benefits in retirement. Husband had been a painting contractor, now receiving approximately $3,000 per month in retirement income. Husband['s] only other notable asset was an inheritance received from his mother in 2018, in the amount of $110,843.05. Consequently, the award of $71,008.06 to Wife effectuates economic justice between the parties and [DHO Nelson] did not err in awarding Wife a one-half share of the equity in the home as of the date of separation.

Trial Ct. Op., 1/30/25, at 3-4 (some citations omitted).

Following our review of the record, we are constrained to disagree with the trial court's decision to use the date of separation valuation of the marital home. As stated above, our Supreme Court has expressed a preference for trial courts to assess the value of marital property based on the date of distribution, or as close to that date as possible under the circumstances. *See Sutliff*, 543 A.2d at 536-37; *Solomon*, 611 A.2d at 689. The *Sutliff* Court

- 11 -

acknowledged that there may be circumstances where the goal of economic justice would be better served by using the date of separation valuation, such as "where marital assets have been consumed or disposed of by one of the parties, thus rendering a current valuation impossible and making it necessary to rely on data that would otherwise be considered stale." *See Sutliff*, 543 A.2d at 536.

Husband argues that the marital home is an asset that is more appropriately valued at the date of separation. *See* Husband's Brief at 12, 14 (citing *Smith*, 653 A.2d at 1270). However, this is not a case where the marital property would be difficult or impossible to value at the date of distribution. *See, e.g., Butler*, 621 A.2d at 664, 669; *Naddeo*, 626 A.2d at 612; *Smith*, 653 A.2d at 1270; *Fishman*, 805 A.2d at 579.

Here, the trial court declined to use the 2023 valuation of $454,500 for the marital home not because it was unreliable, inaccurate, or impossible to determine. Instead, the trial court elected to use the 1996 value of $243,500 as a tool to effectuate the goal of economic justice between Husband and Wife. *See* Trial Ct. Op., 1/30/25, at 3-4.

Because the value of the marital home at or near the date of distribution was available and the record does not reflect that this figure was unreliable, inaccurate, or impossible to determine, we conclude that the trial court abused its discretion because it "overrode or misapplied the law" in using the twenty-seven-year-old date of separation value. *See Cuth*, 263 A.3d at 1190; *Jagnow*, 258 A.3d at 471. As this Court explained in *Smith*, "equitable

results will most likely flow from providing the court with the most recent information available." **Smith**, 653 A.2d at 1270 (citation omitted). Therefore, we are constrained to remand the matter for further proceedings.

For these reasons, we vacate the entire equitable distribution award, as the remainder of the award appears reliant on or connected to the division of equity in the marital home. On remand, the trial court shall issue an award that effectuates economic justice between the parties.[5]

Because we vacate the equitable distribution award, Wife's remaining claims are now moot, and we need not address them. **See Naddeo**, 626 A.2d at 614.

Order vacated. Matter remanded for further proceedings upon remittal of the record. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/25/2026

_____

[5] On remand, the trial court may account for Wife's lack of contribution to the mortgage and tax payments on the marital home, as well as lack of upkeep and maintenance of the same, while the divorce proceedings were pending, by applying a different distribution of the marital estate with, as always, due consideration of the equitable distribution factors set forth in the Divorce Code. **See, e.g.,** 23 Pa.C.S. § 3502(a)(7).