Robert B. WILSON, Appellant

v.

Judith N. WILSON, Appellee.

Superior Court of Pennsylvania.

Argued Jan. 14, 2003.
Filed June 17, 2003.

Belinda D. Attwood, Washington, for appellant.

Betsy D. McKnight, Washington, for appellee.

Before: DEL SOLE, P.J., MUSMANNO and KELLY, JJ.

DEL SOLE, P.J.:

¶ 1 Robert Wilson appeals from the order distributing assets in this divorce action. Upon review, we quash the appeal for lack of jurisdiction.

¶ 2 On March 28, 2002, the Court of Common Pleas of Washington County entered an Order for equitable distribution of marital assets, alimony and counsel fees. The equitable distribution Order provided that a Decree in Divorce will be entered divorcing the parties pursuant to Section 3301(c) of the Pennsylvania Divorce Code. On the same date, a separate Decree in Divorce was entered. The Divorce Decree did not incorporate the Order pertaining to equitable distribution, alimony and counsel fees.

¶ 3 On April 9, 2002, Appellant filed a notice of appeal. On April 10, 2002, the Court of Common Pleas of Washington County entered a Consent Order vacating the Decree in Divorce. Apparently the parties agreed to vacate the Divorce Decree in order to ensure continuing health coverage for Appellee through Appellant's employer and to maintain survivorship interests in Appellant's pension in the event of the decease of either party during the pendency of the appeal.

¶ 4 Before addressing the merits of Appellant's issues raised on appeal, we must first determine whether this Court has jurisdiction to entertain this appeal in light of the vacated Divorce Decree. Both parties assert that this Court has jurisdiction, or alternatively request that this Court accept jurisdiction, and render a decision on the merits of the appeal.

¶ 5 "This Court has made it clear that '[u]nless and until a valid decree in divorce has been entered, there can be no equitable distribution of marital property.'" *Reese v. Reese*, 351 Pa.Super. 521,

506 A.2d 471, 473–474 (1986). The courts of common pleas are only empowered to make equitable distribution contemporaneously with or subsequent to a decree in divorce. *Campbell v. Campbell,* 357 Pa.Super. 483, 516 A.2d 363, 366 (1986). This is because the settlement of economic and property claims is merely a part of the trial court's broader power to terminate the marriage. *Campbell,* 516 A.2d at 366. Equitable distribution is an incident of divorce, not marriage. *Id.*

¶ 6 Unless otherwise permitted by statute or rule, an appeal will lie only from a final order. Pa.R.A.P. 341. A final order has been defined as one which ends the litigation or disposes of the entire case. Pa.R.A.P. 341. Therefore, a pre-divorce decree distributing marital property is interlocutory. *Campbell,* 516 A.2d at 366. It cannot be reviewed until it has been rendered final by the entry of a decree in divorce. *Id.*

¶ 7 In this case, there is no divorce decree. The Decree in Divorce that had been entered by the Common Pleas Court was vacated pursuant to the Consent Order. Because there is no divorce decree, the equitable distribution order is not final and we lack jurisdiction to review the claim on appeal.

¶ 8 In the alternative, Appellant asks this Court to accept jurisdiction of this case pursuant to Pa.R.A.P. 313, pertaining to collateral orders. Appellant asserts the equitable distribution order is collateral to the Divorce Decree and accordingly, an appeal of the equitable distribution order may be taken as of right. Appellant's Memorandum Regarding Jurisdiction at 2.

¶ 9 Rule 313 of Appellate Procedure provides an exception to the rule of finality for certain interlocutory orders that qualify for an exception applied to collateral orders. Specifically, under this exception, an order is immediately appealable if: (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. *In re N.B.,* 817 A.2d 530, 534 (Pa.Super.2003).

¶ 10 We cannot agree that the equitable distribution order is separable and collateral to the Divorce Decree. As this Court has held, the courts of common pleas are only empowered to make equitable distribution contemporaneously with or subsequent to a decree in divorce. The distribution of property is merely a part of the court's responsibilities in terminating a marriage and postponing review until entry of the final judgment in divorce will not result in an irreparable loss. Without the Divorce Decree, there is no authority for distribution of assets. Accordingly, the order is interlocutory and unappealable.

¶ 11 Appeal quashed.