J-A06007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

CHRISTIAN ZIMMERMAN : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
CHERYL ZIMMERMAN : No. 450 MDA 2018

Appeal from the Decree April 4, 2018
In the Court of Common Pleas of York County
Civil Division at No(s): 2013-FC-001196-15

BEFORE: OTT, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY OTT, J.: **FILED JULY 16, 2019**

Christian Zimmerman ("Husband") appeals from the decree in divorce

entered on April 3, 2018,[1] in the York County Court of Common Pleas related

to the dissolution of his marriage to Cheryl Zimmerman ("Wife"). The court

entered the decree after granting in part, and dismissing in part, the parties'

exceptions to the report and recommendation of a master determining Wife's

---

* Retired Senior Judge assigned to the Superior Court.

[1] We note that at the time Husband filed his notice of appeal, on March 9, 2018, no divorce decree had been entered on the record. This Court has made clear "a pre-divorce decree distributing marital property [and awarding alimony] is interlocutory … [and] cannot be reviewed until it has been rendered final by the entry of a decree in divorce." **Wilson v. Wilson**, 828 A.2d 376, 378 (Pa. Super. 2003) (citation omitted). Accordingly, on April 5, 2018, this Court directed Husband to show cause why this appeal should not be quashed. Husband filed a timely response, and attached an updated docket sheet, which denoted a divorce decree was entered on April 3, 2018. Therefore, we will consider this appeal as properly filed after the entry of the divorce decree. **See** Pa.R.A.P. 905(a)(5).

claim for alimony. On August 22, 2018, the court entered an order directing Husband to pay Wife $1,800.00 per month in alimony for an indefinite period of time. On appeal, Husband sets forth 11 bases upon which he argues the trial court committed either an error of law or abuse of discretion in directing him to pay Wife $1,800.00 per month in alimony. For the reasons below, we vacate the trial court's August 22, 2018, order awarding Wife alimony, and remand for a recalculation of Wife's net monthly income, and further consideration of the tax ramifications of Husband's alimony payment. In all other respects, we affirm the decree in divorce.

The facts and relevant procedural history underlying this appeal are as follows. On July 3, 2013, Husband filed for divorce from Wife after 27 years of marriage. Wife subsequently filed a petition for claims on July 17, 2013, seeking, *inter alia*, alimony and attorneys' fees. A Master was later appointed to determine the parties' claims regarding equitable distribution and alimony. On June 14, 2017, the parties filed a stipulation as to the equitable distribution of their assets,[2] and agreed the Master's hearing would focus only on issues of alimony, counsel fees, costs, and expenses. *See* Stipulation, 6/14/2017. The Master's hearing was conducted on May 31, 2017. At that time, Husband was 52 years old and employed full-time, earning approximately $60,000.00

---

[2] Wife received 61% of the marital property, including the marital residence, as well as an inherited non-martial rental property, valued between $119,000.00 and $120,000.00  Husband retained his 401(k) and an employee stock option plan. Husband also expected to receive a non-marital inheritance from his father's estate worth approximately $100,000.00. *See* Stipulation, 6/14/2017.

per year. Wife was 57 years old, and unemployed. She claimed she was unable to work due to physical infirmities. Wife's only income was $300.00 per week that Husband voluntarily paid her in spousal support, and $1,200.00 per month in rental income she received from the inherited property.

On October 2, 2017, the Master filed his Report and Recommendation. In summary, the Master determined Husband's net monthly income was $3,691.38, based upon his salary. After considering conflicting evidence regarding Wife's ability to work, the Master determined Wife was partially disabled, and imputed to her a net monthly income of $1,714.46, which included her rental income, plus the wages of a part-time minimum wage employee. Accordingly, the Master calculated an alimony award of $790.77 per month in favor of Wife "until the earliest that Wife can withdraw from Husband's Social Security Retirement (when Husband reaches 62 years of age)." Report and Recommendation of Master, 10/2/2017, at 10.

Both Husband and Wife filed timely exceptions to the Master's Report and Recommendation. The trial court heard oral argument on the exceptions on January 26, 2018. Thereafter, on February 8, 2018, the court issued findings of fact concerning the exceptions. Specifically, the court recalculated Wife's net monthly income as $734.46 per month, and Husband's net monthly income as $3,991.38 per month. The court then determined the amount of alimony by subtracting Wife's income from Husband's income, and multiplying the result by 40%. After making another adjustment for health insurance costs, the court directed Husband to pay $1,833.80 per month in alimony to

Wife for an indefinite period of time, modifiable by the parties. **See** Order, 2/8/2018. Husband appealed that order.[3]

While that appeal was pending, the trial court requested this Court remand the matter because "it erred in its method of calculation." Motion for Remand, 5/8/2018. This Court granted the trial court's application on July 5, 2018, and remanded the matter to the trial court "for a period of 30 days for further proceedings." Order, 7/5/2018. On August 22, 2018, the trial court issued supplemental findings of fact, and an amended order, which reduced Husband's alimony payment to $1,800.00 per month, but "ratified and confirmed" all other aspects of the February 8, 2018, order. We now proceed to a review of the claims Husband raises in his brief.

On appeal, Husband asserts the trial court abused its discretion and committed an error of law in the following manner:

> 1) failing to engage in a need based analysis in determining what amount of alimony is necessary;
>
> 2) utilizing the spousal support formula to determine the amount of alimony;
>
> 3) directing the alimony award to be indefinite;
>
> 4) failing to give proper deference to the Master's report and recommendation with regard to the alimony amount awarded;
>
> 5) failing to consider the economic impact of the award on Husband;

---

[3] On April 6, 2018, the trial court ordered Husband to file a concise statement of errors complained of on appeal. Husband complied with the court's directive, and filed a concise statement on April 26, 2018.

6) failing to consider the parties' stipulated division of property;

7) determining Wife's rental income from her inherited property was only $220 per month;

8) adding one-half of Wife's estimated health insurance costs to the alimony award;

9) determining Wife is partially disabled;

10) failing to consider how Wife's real estate property could be used to meet her financial needs' and

11) increasing Husband's net monthly income by 20% for tax savings when the new tax law eliminates a deduction for alimony payments.

*See* Husband's Brief at 5-8.[4]

Preliminarily, we note Husband's second issue is now moot following the trial court's issuance of supplemental findings of fact. Indeed, the trial court recognized that it utilized an incorrect method to calculate the alimony award, and rectified that error in its supplemental opinion by considering the seventeen factors listed in Section 3701 of the Divorce Code. See 23 Pa.C.S. § 3701(b).

Moreover, with regard to his third issue, which challenges the indefinite length of the alimony award, Husband failed to provide any discussion of that

_____

[4] Although Husband lists 11 separate issues in both his concise statement and appellate brief, he addresses the claims in one argument, stating they are "inextricably intertwined." Husband's Brief at 16. This is improper under the Rules of Appellate Procedure. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). However, it does not hamper our review.

claim in the argument section of his brief. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Umbelina v. Adams*, 34 A.3d 151, 161 (Pa. Super. 2011) (quotation omitted), *appeal denied*, 47 A.3d 848 (Pa. 2012). Accordingly, Husband's third issue is waived.

With regard to Husband's remaining claims, our review of a trial court's alimony award is guided by the following:

> Awards of alimony, counsel fees, and property distribution are within the sound discretion of the trial court and will not be disturbed absent an error of law or abuse of discretion.
>
> * * *
>
> > Following divorce, alimony provides a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution. An award of alimony should be made to either party only if the trial court finds that it is necessary to provide the receiving spouse with sufficient income to obtain the necessities of life. "The purpose of alimony is not to reward one party and punish the other, but rather to ensure that the reasonable needs of the person who is unable to support herself through appropriate employment are met."
> >
> > "Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay." An award of alimony may be reversed where there is an apparent abuse of discretion or there is insufficient evidence to support the award.
>
> In determining "whether alimony is necessary and to establish the appropriate nature, amount, and duration of any alimony payments, the court is required to consider all relevant factors, including the 17 factors that are expressly mandated by statute."

*Cook v. Cook*, 186 A.3d 1015, 1019–1020 (Pa. Super. 2018) (internal citations omitted). Furthermore, "a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties." *Childress v. Bogosian*, 12 A.3d 448, 455–456 (Pa. Super. 2011) (quotation omitted).

In issues 1, 4, 5, 6, 8, 9, and 10, Husband challenges the underlying bases of the trial court's determination that he should pay Wife $1,800.00 per month in alimony, as they relate to the relevant factors in Section 3701(b). He contends the court "engaged in a flawed need analysis." Husband's Brief at 28. Preliminarily, Husband insists the trial court failed to give proper deference to the Master's findings when it increased the alimony award from the Master's recommendation of $790.00 per month to $1,800.00 per month. *See id.* at 23. He asserts the court abused its discretion when it determined Wife's monthly expenses were $1,831.00 more than his monthly expenses, insisting his expense statement was "bare-bones," but Wife's expenses were "significantly overstated and double counted[.]" *Id.* at 28-29, 31. Accordingly, he argues his "reasonable expenses should be deemed to be at the same level of [] Wife[.]" *Id.* at 31. Furthermore, he maintains that while his standard of living has "decreased precipitously," Wife's standard of living has remained the same. *Id.* at 39. Moreover, Husband argues Wife "should be required to either borrow against or liquidate her inheritance [property] to

meet her reasonable needs, rather than compelling Husband to shoulder the burden[.]" *Id.* at 36. Husband also challenges the court's determination that Wife is partially disabled and asserts the court failed to "acknowledge or consider" the evidence presented by his expert witness concerning Wife's ability to work. *Id.* at 34.

We begin by acknowledging the trial court clearly erred in its initial findings of fact when it calculated the alimony award by using the spousal support formula, and failing to consider the 17 factors outlined in Section 3701 of the Divorce Code. Indeed, for this reason, the trial court asked this Court to remand the matter so that it could conduct the proper review. *See* Motion for Remand, 5/8/2018. The trial court's Supplemental Findings of Fact, and amended order dated August 22, 2018, reflect the court's proper analysis pursuant to Section 3701.

Nevertheless, Husband argues this supplemental analysis was flawed. We disagree. Our review of the court's supplemental findings of fact reveals the court considered each of the requisite 17 factors before concluding an award of alimony in the amount of $1,800.00 per month was reasonable and necessary. *See* Supplemental Findings of Fact, 8/22/2018, at 2-4. Although the court's award was significantly more than the Master's recommendation, as will be discussed *infra*, this discrepancy was due, in large part, to the trial court's recalculation of Wife's net monthly income.

With regard to Husband's specific allegations, we first note the court determined both Husband and Wife's monthly expenses by referring to their

respective expense statements. The fact that the court accepted Husband's "bare-bones"[5] expense statement does not equate to an abuse of discretion. The court subtracted legal fees from both parties' expenses, and properly deducted the alimony payment from Husband's claimed expenses. *See* Supplemental Findings of Fact, 8/22/2018, at 1. With regard to Wife, the court also deducted her claimed expense for a new refrigerator and renters' insurance, although it added back in a reasonable renters' and auto insurance amount. *See id.* Furthermore, contrary to Husband's assertion, the court did not double count Wife's medical insurance expense. Rather, it deducted the $734.00 expense she listed on her statement, but then added a $663.00 monthly health insurance estimated premium she had received. Husband provides no support for his assertion that the court should have ignored his claimed expenses, and imputed to him reasonable expenses at the same amount as Wife. Accordingly, we find no abuse of discretion or error of law in the court's determination of the parties' monthly expenses.

Husband's argument concerning the parties' respective standard of living since their separation also provides no basis for relief. Wife testified at the Master's hearing that while she and Husband were together, they went on a family vacation every year, they ate out once or twice a week, and she got her hair cut once every two months. Since their separation, however, she stated she is only able to vacation if "somebody else pays for" it, she "never

---

[5] Husband's Brief at 28.

go[es] out to eat," and she has "been cutting [her] own hair." N.T., 5/31/2017, at 118-119. The trial court and Master determined that both parties "will have to deal with a lower standard of living now that they are separated," and found this fact was "neutral" with regard to alimony. Supplemental Findings of Fact, 8/22/2018, at 3. *See also* Master's Report and Recommendation, 10/2/2017, at 8. Husband has failed to demonstrate how the court abused its discretion.

With regard to the parties' inheritances, Husband maintains the trial court failed to properly consider the unencumbered rental property Wife received through an inheritance. He argues she should be required to borrow against or liquidate that real estate to "mak[e] up the difference" between her needs and her income. Husband's Brief at 36. However, he provides no authority for this position. Moreover, both the trial court and Master recognized that Wife's inherited property, which she rents, is her only source of income independent of alimony. *See* Supplemental Findings of Fact, 8/22/2018, at 3; Master's Report and Recommendation, 10/2/2017, at 7. As Wife explains in her brief, "there is no evidence on this record what the effect of Wife liquidating her inheritance would have on her income, i.e., how long it would last, what interest it might earn." Wife's Brief at 27. We agree. Accordingly, this claim, too, provides no basis for relief.

Husband also contends the court ignored the evidence presented by his expert witness that Wife is not disabled, and, therefore, capable of obtaining full-time employment. *See* Husband's Brief at 32-36. We regard this

- 10 -

argument as a challenge to the weight of the evidence. The Master provided a summation of the expert evidence presented by both parties concerning Wife's purported inability to work, and Wife's own testimony on the matter. After considering the arguments, the Master made a credibility determination, and concluded Wife was partially disabled. A review of the Master's Report reveals he credited the testimony of both parties' witnesses. *See* Master's Report and Recommendation, 10/2/2017, at 4-6. The trial court, in turn, accepted the Master's credibility determinations. *See* Supplemental Findings of Fact, 8/22/2018, at 2. Because the Master had the opportunity to "observe and assess the behavior and demeanor of the parties[,]" and their witnesses, we will not overturn the Master's credibility determination. *Childress*, *supra*, 12 A.3d at 456. Therefore, Husband's challenge to the court's Section 3701 analysis is meritless.

However, Husband raises two additional claims which we must address. First, in his seventh issue, Husband insists the trial court erred when it determined Wife's rental income from her inherited property was only $220.00 per month. *See* Husband's Brief at 24-26. This was a significant decrease from the Master's determination that Wife's rental income was $1,200.00 per month. *See* Master's Report and Recommendation, 10/2/2017, at 3, 7. In its original findings of fact, the trial court explained the basis for its determination as follows:

> [W]hereas the Divorce Master found [W]ife's rental income to be $1200.00 per month, the Court finds, as a finding of fact[,] that [W]ife's 201[6] income tax return, on schedule E showed

- 11 -

expenses for the income producing real estate [that] total $10,575.00 per year which[,] when subtracted from the gross rents received of $13,200.00 per year[,] produced an actual profit from the rental property of $2,625.00 per year. The Court simply divided that by twelve to arrive at $220.00 per month of profit from the rental income and added that to the $514.46 per month earnings capacity for a total of $734.46 per month as [W]ife's net monthly income.

Findings of Fact, 2/8/2018, at 2.

By way of background, Wife acknowledges that she receives $1200.00 per month in rent for the property in question. *See* Wife's Brief at 21. The Master used this entire amount, and added $514.46 in earnings capacity, to calculate Wife's net monthly income ($1,714.46). The trial court, however, looked to Mother's 2016 tax return, which was introduced as Defendant's Exhibit 9 at the Master's hearing. *See* N.T., 5/31/2017, at 102-103. The Schedule E supplemental income attachment indicated that she received $13,200.00 in rents from the inherited property, but subtracted from that amount expenses totaling $10,575.00, including: $1,999.00 in repairs, $3,723.00 in taxes, $490.00 in miscellaneous expenses, and $4,363.00 in depreciation. *See id.*, Defendant's Exhibit 3, Wife's 2016 1040 Federal Tax Return, Schedule E. Accepting those deductions, the trial court determined Wife's net monthly rental income was $220.00 per month ($13,200 - $10,575 ÷ 12 months).

Husband does not challenge Wife's deductions for "annual repair expense[s] of $1,999, taxes of $3,723 and other miscellaneous expenses of $490." Husband's Brief at 26. Rather, he contends the court erred in

deducting $4,363.00 from her annual gross rental income for depreciation. We agree.

It is well-settled that depreciation expenses, which are permitted under federal income tax law, are not automatically deducted from a parties' gross income for purposes of determining an alimony award. *See Cunningham v. Cunningham*, 548 A.2d 611, 612 (Pa. Super. 1988), *appeal denied*, 559 A.2d 37 (Pa. 1989). Rather, the trial court must consider the "actual disposable income of the parties[.]" *Id.* This Court held in *Cunningham*: "Depreciation and depletion expenses should be deducted from gross income **only** where they reflect an **actual reduction** in the personal income of the party claiming the deductions, such as where, e.g., he or she **actually expends funds** to replace worn equipment or purchase new reserves." *Id.* at 613 (emphasis added). In that case, a panel of this Court affirmed the trial court's calculation of the husband's net income, which did not account for his claimed depreciation expense, when the deduction on his tax return "did *not* represent any actual expenditures on his part." *Id.* (emphasis in original and footnote omitted).

Here, the trial court provided the following explanation for its decision to deduct depreciation expenses from Wife's net monthly income:

> While we normally do not count depreciation as an expense in determining income available for support, in this case we did consider the $4,363.00 for the year 2016 in depreciation as a legitimate expense because [W]ife testified that the home was built in the 1940's, had a 40 year old roof and other very extensive repairs or improvements to the property that were needed[,] and it is reasonable to believe that she is going to spend actual money

- 13 -

of $4,363.00 per year for capital improvements and/or repairs over the next five years or so and, accordingly, we kept that number in as depreciation.

Findings of Fact, 2/8/2018, at 2.

Although the court determined it was "reasonable to believe" Wife planned to make capital improvements to the rental property in the next five years, and she presented to the Master an estimate for these necessary repairs, there was no evidence that she actually spent any money on the improvements. To the contrary, Wife admitted she did not have the money to make any of the repairs. *See* N.T., 5/31/2017, at 104. Accordingly, pursuant to the holding in **Cunningham**, the trial court erred in deducting from Wife's net monthly income depreciation expenses for possible future capital improvements when she did not "actually expend[] funds." **Cunningham**, *supra*, 548 A.2d at 613. Therefore, we are constrained to vacate the court's alimony award, and remand for a recalculation of Wife's net monthly income.

Although not raised by either party, we note that it appears the trial court also improperly imputed to Wife a yearly gross rental income of $13,200.00, as it appeared on her 2016 tax return, when the testimony revealed she received $1,200.00 per month in rent from her tenants, which equates to a yearly gross income of $14,400.00. On remand, we direct the trial court to calculate Wife's monthly net income utilizing the proper starting point.

In his last claim, Husband argues the trial court erred in adding to his net monthly income "$300 per month of tax savings that Husband will accrue as a result of paying $1,800 per month of alimony." Husband's Brief at 41. He insists "recent changes to the federal tax code" will preclude him from claiming a deduction for alimony after December 31, 2018. *Id.* at 42. Although he provides no authority for this claim, during oral argument on the parties' exceptions, Wife's counsel acknowledged that Husband's ability to deduct alimony would be affected in 2019, but stated, "if the order is in 2018 it would not." N.T., 1/29/2018, at 28. Further, in her brief to this Court, Wife concedes: "Should the [a]ppellate [c]ourt remand for the entry of a new order or should there be a new Order entered, it is agreed that the date of the Order may prevent Husband from being able to deduct the alimony payments for purposes of his Federal taxes." Wife's Brief at 30.

Because we have concluded the court erred in calculating Wife's net monthly income, and are remanding the matter for further proceedings, we also direct the trial court to consider the tax ramifications of its new alimony order, specifically, whether Husband is entitled to a reduction in his net monthly income because he will no longer be eligible to deduct alimony payments on his federal taxes.

Decree affirmed. Order of August 22, 2018, directing Husband to pay Wife alimony, vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>07/16/2019</u>