J-A15013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CARLA M. SMITH-TURNER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHANIEL TURNER | : | |
| | : | |
| Appellant | : | No. 1116 EDA 2020 |

Appeal from the Order Entered March 5, 2020
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s): No. D18068528

BEFORE: BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 2, 2021**

Nathaniel Turner ("Husband") appeals from the order that dismissed for lack of prosecution the complaint for divorce filed by Carla M. Smith-Turner ("Wife"). We affirm.

Wife married Husband, who has been incarcerated at all times relevant to these proceedings, in March 2012 at SCI-Forest. In 2018, approximately four years after Wife last visited Husband in prison, Wife filed a complaint for divorce in Philadelphia County, claiming that the marriage was irretrievably broken. Husband filed a counter-affidavit in which he asserted that the marriage was not irretrievably broken, and also asserted economic claims. In addition to reserving the right to assert specific property claims after the completion of an accounting of marital assets, Husband specifically contended that he was entitled to $6,700 which had been deposited into an Indiana

County bank account prior to the marriage.[1]  **See** Motion to Appoint Master, 8/30/18, at 1-2.  Husband also filed a petition for alimony.

The parties testified before a master, who found Wife credible and Husband incredible.  In particular, the master accepted Wife's testimony that the marriage was irretrievably broken, that Wife had supplied Husband with the funds that were deposited in the Indiana bank account, and that the money in that account was used to pay lawyers or investigators who acted on behalf of Husband regarding his criminal convictions.  **See** Master's Report, 5/22/19, at 3-5.  The master concluded that the prerequisites for a no-fault divorce had been established and that Husband was not entitled to spousal support.  **Id**. at 6.  The master offered the following analysis of Husband's counterclaim:

> Regarding Husband's claim for equitable distribution, what he is seeking is that Wife should now replenish funds that she had previously provided to him before the marriage.  In effect, Husband who has a conviction for robbery is trying to take money from Wife to reimburse him for his legal expenses even though she was the one who provided the bulk of what was already expended for that purpose.  Even by the standards of "jailhouse lawyers," this is a truly outrageous request that runs counter to any sense of equity.

**Id**. at 7.

---

[1] Husband asserted in the motion attached to his counter-affidavit that the funds in question were deposited in 2008 and January 2012.  **See** Motion to Appoint Master, 8/30/18, at 1-2.

Appellant filed a praecipe for a *de novo* trial before a judge. In his pre-trial memorandum, Husband, *inter alia*, stated his continued opposition to entry of a divorce decree, and maintained his claim that he was entitled to recover the funds Wife withdrew from the Indiana bank account, which he asserted were not utilized to pay his lawyer and investigator. ***See*** Memorandum of Law 10/19/19, at 10-12.

Trial was scheduled and continued twice. Wife's counsel sought to withdraw on the basis that Wife was no longer communicating with her or paying her fees. ***See*** Motion to Withdraw, 1/29/20, at ¶¶ 5-6. After Wife failed to appear at the scheduled trial, the trial court entered an order allowing Wife's counsel to withdraw and dismissing the divorce complaint for lack of prosecution. ***See*** Order, 3/5/20.

Husband filed a timely notice of appeal, and both Husband and the trial court complied with Pa.R.A.P. 1925. Husband presents the following question for our review: "Did the [trial] court err in dismissing [Husband's] counterclaim in divorce suit?" Husband's brief at 5 (unnecessary capitalization omitted).

Husband challenges the dismissal of his counterclaim for equitable distribution. We begin with a discussion of the pertinent legal principles. This Court reviews equitable distribution orders for an abuse of discretion. ***See***, ***e.g.***, ***Lee v. Lee***, 978 A.2d 380, 382-83 (Pa.Super. 2009). "Our scope of review requires us to measure the circumstances of the case against the

objective of effectuating economic justice between the parties in discerning whether the trial court misapplied the law or failed to follow proper legal procedure." *Gates v. Gates*, 933 A.2d 102, 105 (Pa.Super. 2007).

"Equitable distribution is an incident of divorce, not marriage. The settlement of economic and property claims is merely a part of the trial court's broader power to terminate the marriage." *Jagnow v. Jagnow*, ___ A.3d ___, 2021 PA Super 133 (Pa.Super. June 29, 2021) (cleaned up). "Statutorily, equitable distribution occurs only after a divorce decree is issued." *In re Estate of Bullotta*, 838 A.2d 594, 596 (Pa. 2003) (citing 23 Pa.C.S. § 3323(b)). Stated differently, "unless and until a valid decree in divorce has been entered, there can be no equitable distribution of marital property." *Wilson v. Wilson*, 828 A.2d 376, 377–78 (Pa.Super. 2003) (cleaned up).

Husband argues that the trial court's decision to dismiss his equitable distribution counterclaim is contrary to Pa.R.C.P. 232, which provides that "[a] discontinuance or nonsuit shall not affect the right of the defendant to proceed with a counterclaim theretofore filed." Pa.R.C.P. 232(a). *See* Appellant's brief at 12. Husband maintains that, despite the dismissal of Wife's divorce complaint, he should have been permitted to prove his claim that Wife breached an agreement to use the money in the Indiana bank account to pay a lawyer and investigator to attempt to prove that Husband was innocent of the crimes for which he is incarcerated. *Id*. at 13-14.

The trial court addressed Husband's claim as follows:

> Husband filed a timely counterclaim to Wife's complaint for divorce in which he not only asserted equitable relief, but also opposed an entry of divorce. When the trial court dismissed the Wife's divorce complaint, Husband's counterclaim for equitable distribution became invalid because Husband remained married to Wife and had failed to assert any claims by which an entry of a divorce decree could be granted. Therefore, Husband was not entitled to hearing on his equitable distribution claims. The court did not err in dismissing Husband's counterclaim, because without a decree of divorce, his counterclaim fails to state claim for which relief could be granted.

Trial Court Opinion, 8/4/20, at unnumbered 3 (alternative party designation and unnecessary capitalization omitted).

We discern no error of law or abuse of discretion on the part of the trial court. Husband did not wish to be divorced from Wife and, therefore, opposed the entry of a divorce decree. Since he prevailed in maintaining the marriage, he deprived the court of authority to adjudicate disposition of the marital property. *Wilson*, *supra* at 377–78. Accordingly, Husband is entitled to no relief from this Court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2021

- 5 -