J-S40034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CASSANDRA L. HOOVER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID E. HOOVER | : | |
| | : | |
| Appellant | : | No. 348 MDA 2025 |

Appeal from the Decree Entered February 24, 2025
In the Court of Common Pleas of Columbia County Civil Division at
No(s): 2022-CV-0000082-DV

| | | |
|---|---|---|
| CASSANDRA L. HOOVER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID E. HOOVER | : | No. 388 MDA 2025 |

Appeal from the Decree Entered February 24, 2025
In the Court of Common Pleas of Columbia County Civil Division at
No(s): 2022-CV-0000082-DV

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED: JANUARY 22, 2026**

In these consolidated cross-appeals, Cassandra L. Hoover (Wife) and David E. Hoover (Husband) appeal from the trial court's order equitably distributing the parties' marital property, as made final by the divorce decree entered on February 24, 2025. After careful review, we affirm.

Husband and Wife married on December 24, 2005, and separated on August 4, 2021. The parties do not have any children. Husband and Wife operate a reindeer farm (the farm) on their property in Bloomsburg, Pennsylvania. Additionally, Husband works part-time as a truck driver.

On February 2, 2022, Wife filed a divorce complaint alleging an irretrievable breakdown of the marriage, and seeking equitable distribution of the parties' marital assets.

The following year, Wife filed a petition for special relief. Therein, Wife asserted that Husband, without Wife's consent, filed for dissolution of the limited liability company under which they jointly operated the farm. Wife also argued Husband had attempted to remove her name from the business's liability insurance and had sold marital property without her consent.

On March 22, 2023, the parties reached an agreement whereby Wife dismissed her petition for special relief, and the parties entered into various stipulations. Order, 3/22/23. In part, Husband and Wife agreed not to engage in any actions that would interfere with business operations or to interfere with the other's use of marital property being used for their respective businesses.[1] *Id.*

_____

[1] In its order adopting the stipulations, the trial court noted that Husband and Wife were operating separately owned businesses. From the record, it appears Wife began operating her own reindeer business at some time during these proceedings. *See* Trial Court's Factual Findings/Conclusions of Law and Order, 6/6/23, at 6 (stating, "Husband had legitimate concerns with regard to
*(Footnote Continued Next Page)*

- 2 -

Husband filed an emergency petition for special relief on May 3, 2023. He asserted that Wife violated the parties' stipulations by, *inter alia*, removing ten reindeer from the farm while Husband was out of town. Following a hearing, the trial court entered findings of fact and conclusions of law, and an accompanying order. The trial court ordered Wife to return the reindeer, and any equipment or marital property necessary to operate the business, to the farm.

Wife subsequently filed an emergency petition for special relief after Husband refused Wife's requests to use 6 of the reindeer. The parties resolved the emergency petition by entering into additional stipulations. Primarily, one stipulation involved the parties' use and possession of certain reindeer following the final equitable distribution of marital property. The stipulation provided that Husband would have sole possession and use of 7 reindeer (Topper, Prancer, Murry, Mitzie, Kneezie, Twinkle, and Baby Mistletoe); Wife would have sole possession and use of 5 reindeer (Curley, Cupid, Vixen, Clarice, and Little Star). Stipulation, 7/3/23, ¶¶ 1-2.

The trial court conducted an equitable distribution hearing on September 19, 2023. On December 18, 2023, the trial court entered an order equitably

---

Wife obtaining all necessary documents from the State of Pennsylvania to operate at a new location."); *see also* Wife's Emergency Petition for Special Relief, 6/22/23, ¶¶ 6-7 (explaining that "Husband's business revolves around taking two (2) to three (3) reindeer and traveling with them to different events and shows," whereas "Wife's business … revolves around on-premise tours which requires larger numbers of reindeer.")

distributing the parties' marital property. Husband promptly filed exceptions to the equitable distribution order. According to Husband, the trial court erroneously valued the farm and certain other marital property, and misidentified the number of reindeer and cows.[2]

Following argument, the trial court issued amended findings of fact and filed an amended order equitably distributing the parties' marital property on October 17, 2024. In total, the court awarded 53% of the marital estate to Husband and 47% to Wife. *See* Amended Equitable Distribution Order, 10/17/24, Amended Schedule A. Relevant to the instant appeal, the trial court awarded Husband the farm. *Id.* The court also awarded Husband various vehicles and trailers, 10 cows, and 4 reindeer. *Id.* The court awarded Wife livestock trailers (including a four-horse trailer with living quarters) and 5 reindeer. *Id.*

Husband filed an appeal, and Wife cross-appealed. The cross appeals were discontinued, as a final divorce decree had not been entered. *See Wilson v. Wilson*, 828 A.2d 376, 378 (Pa. Super. 2003) ("[A] pre-divorce decree distributing marital property is interlocutory. It cannot be reviewed until it has been rendered final by the entry of a decree in divorce.") (citation omitted).

---

[2] The first equitable distribution order identified 12 cows and 12 reindeer. *See* First Equitable Distribution Order, 10/18/23, ¶ 12D. In his exceptions, Husband asserted the parties had 10 cows, and there were only 9 remaining reindeer. Husband's Exceptions, 1/5/24, ¶¶ 2-3.

On February 24, 2025, the trial court entered a final divorce decree, dissolving the parties' marriage. Husband filed a timely notice of appeal, and Wife filed a cross-appeal. Husband, Wife, and the trial court have complied with Pa.R.A.P. 1925.[3]

In her appeal, Wife raises the following issue:

Did the trial court err and abuse its discretion when it found that there were only nine (9) reindeer, when the record reflects that there were twelve (12) valued at $15,000.00, and that the debt to [Wife's] mother was not substantiated, when the record reflects that the value of the debt for the 2001 trailer was $10,000.00 agreed to by the parties[?]

Wife's Brief at 4 (some capitalization modified).

In his cross-appeal, Husband raises the following two issues:

A. Did the trial court commit an abuse of discretion by valuing the marital real estate using a manipulated value from Zillow vers[u]s that of a certified appraiser[,] as referenced by [Husband?]

B. Did the trial court commit an abuse of discretion by distributing four of the five livestock trailers to []Wife rather than distributing them equally[,] as was the goal during equitable distribution to allow both parties to be able to sustain their competing businesses[?]

Husband's Brief at 1 (some capitalization modified).

We will address Wife's and Husband's claims together, as they each relate to the trial court's equitable distribution scheme. Wife argues the trial court improperly found that the parties had 9 reindeer, where the record reflects the parties owned 12 reindeer, valued at $15,000.00 each. Wife's

_____

[3] This Court consolidated the appeals *sua sponte*.

Brief at 11-13. Additionally, Wife asserts the trial court abused its discretion by concluding the parties' $10,000.00 debt to Sharon Brutzman (Wife's mother) for the 2001 four-horse trailer was unsubstantiated. *Id.*

Husband challenges the trial court's valuation of the farm and its distribution of livestock trailers.[4] Husband's Brief at 3. According to Husband, a certified appraisal valued the farm at $225,400.00. *Id.* at 4. Husband also asserts the allocation of four of the five livestock trailers to Wife was an abuse of the court's discretion, in light of the trial court's intention to allow both parties to run their respective businesses. *Id.* at 4-5.

We consider the parties' claims mindful of the following:

> Our standard of review in assessing the propriety of a marital property distribution is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence.

_____

[4] Despite identifying these claims as separate issues in his statement of questions presented, the argument section of Husband's brief addresses the claims simultaneously. *See* Pa.R.A.P. 2119(a) (requiring an appellant's argument to "be divided into as many parts as there are questions to be argued"). We additionally observe that Husband's argument is underdeveloped and includes only a single citation (to this Court's standard of review). *See id.* (requiring an appellant's argument to include "such discussion and citation of authorities as are deemed pertinent"). We could deem Husband's claims waived on this basis. *See Hayward v. Hayward*, 868 A.2d 554, 558 (Pa. Super. 2005) (concluding that the appellant's failure to cite any pertinent authority in support of his argument resulted in waiver of his claim). Nevertheless, we will address Husband's claims to the extent we are able to do so.

*Martin v. Martin*, 320 A.3d 113, 120 (Pa. Super. 2024) (citation omitted).

As we have explained,

> [t]his Court will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence of the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

*Jagnow v. Jagnow*, 258 A.3d 468, 471-72 (Pa. Super. 2021) (citation omitted). "[I]t is within the province of the trial court to weigh the evidence and decide credibility[,] and this Court will not reverse those determinations so long as they are supported by the evidence." *Martin*, 320 A.3d at 120 (citation omitted).

In fashioning an equitable distribution award, the trial court must consider the factors set forth in 23 Pa.C.S.A. § 3502.

### § 3502. Equitable division of marital property

**(a) General rule.--**Upon the request of either party in an action for divorce …, the court shall equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties without regard to marital misconduct in such percentages and in such manner as the court deems just after considering all relevant factors. The court may consider each marital asset or group of assets independently and apply a different percentage to each marital asset or group of assets. Factors which are relevant to the equitable division of marital property include the following:

(1) The length of the marriage.

(2) Any prior marriage of either party.

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution by one party to the education, training or increased earning power of the other party.

(5) The opportunity of each party for future acquisitions of capital assets and income.

(6) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

(8) The value of the property set apart to each party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party at the time the division of property is to become effective.

(10.1) The Federal, State and local tax ramifications associated with each asset to be divided, distributed or assigned, which ramifications need not be immediate and certain.

(10.2) The expense of sale, transfer or liquidation associated with a particular asset, which expense need not be immediate and certain.

(11) Whether the party will be serving as the custodian of any dependent minor children.

23 Pa.C.S.A. § 3502(a).

"In reviewing a trial court's distribution order, this Court will not engage in a factor-by-factor review of the trial court's rulings." ***Martin***, 320 A.3d at

121. Instead, we "must consider the distribution scheme as a whole." *Hess v. Hess*, 212 A.3d 520, 523 (Pa. Super. 2019).

Concerning property valuations, this Court has explained as follows:

[T]he Divorce Code does not set forth a specific method for valuing assets, and consistent with our standard of review, the trial court is afforded great discretion in fashioning an equitable distribution order which achieves economic justice. In valuing marital assets, the trial court must exercise discretion and rely on the estimates, inventories, records of purchase prices, and appraisals submitted by both parties. However, this Court has consistently held that, in determining the value of marital property, the court is free to accept all, part or none of the evidence as to the true and correct value of the property.

*Carney v. Carney*, 167 A.3d 127, 131-32 (Pa. Super. 2017) (internal citations, quotation marks, and some brackets omitted). Additionally, "debts incurred during marriage are marital debt, regardless of which party incurred them." *Goodwin v. Goodwin*, 244 A.3d 453, 462 (Pa. Super. 2020).

In its findings of fact and conclusions of law accompanying the amended distribution order, the trial court addressed each of the section 3502 factors. *See* Amended Equitable Distribution Order, 10/17/24, at 2. In general, the trial court explained the division of assets favored Husband, as he would retain the original reindeer farm. *Id.* Additionally, the trial court explained it "generally accepts the values provided by the parties but does not find credible that [] Wife owes a $10,000.00 debt to her mother." *Id.* at 5.

In particular, concerning the number of reindeer, Wife correctly points out that the parties' July 3, 2023, stipulations identified a total of 12 reindeer. *See* Stipulations, 7/3/23, ¶ 1. The court's original equitable distribution order

- 9 -

also reflected a total of 12 reindeer. *See* First Equitable Distribution Order, 10/18/23, ¶ 12D. Husband then filed exceptions, indicating that only 9 reindeer remained alive at that time. *See* Husband's Exceptions, 1/5/24, ¶ 3. Wife neither filed her own exceptions, nor responded to Husband's exceptions. The trial court conducted a hearing on the exceptions.[5] Thereafter, the court amended the equitable distribution order, which included 9 reindeer. Amended Equitable Distribution Order, 10/17/24, ¶ 12D.

In its Rule 1925(a) opinion, the trial court explained "it was agreed that there were 9 reindeer" at the time of the hearing on Husband's exceptions. Rule 1925(a) Opinion, 5/8/25, at 3. The trial court further explained it made "an equitable decision … prior to this appeal, to amend its [o]rder to reflect the equitable reality of a fragile, yet valuable, marital asset." *Id.*

Wife has offered no evidence to support her contention that the parties owned 12 reindeer. Wife does not explicitly argue that the trial court was required to distribute the herd using the number of reindeer that were alive at the time the proceedings began, or argue the trial court abused its discretion by amending the calculation based upon changed circumstances.

---

[5] The transcripts of this hearing are not in the certified record before this Court. It is the responsibility of the parties, and not of this Court, to ensure the record is complete. Pa.R.A.P. 1921, Note ("All involved in the appellate process have a duty to take steps necessary to assure that the appellate court has a complete record on appeal…. Ultimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials.").

Based on the record before us, we cannot conclude the trial court abused its discretion in this regard.

Next, concerning the alleged debt Wife owed to her mother, the trial court concluded there was no credible evidence to support Wife's claim that the parties owed a debt to Wife's mother. *Id.* at 4. The trial court was within its province to assess credibility and weigh the evidence accordingly. *See Martin*, 320 A.3d at 120. As the trial court's conclusion is supported by the record, we decline to overturn its credibility assessment. *See id.*

We now turn to Husband's challenge to the trial court's valuation of the farm. As the trial court emphasized in its Rule 1925(a) opinion, Husband and Wife agreed to the estimated value of $288,600.00 during the September 19, 2023, equitable distribution hearing. *See* N.T., 9/19/23, at 4; *see also id.* at 3 (beginning review of Joint Exhibit 1). The parties did not further discuss the value of the farm or raise any disputes concerning the estimate.

The trial court stated, "There is absolutely no evidence of record as to any other value attached to the real estate at issue." Rule 1925(a) Opinion, 5/8/25, at 2; *see also id.* (indicating that both Husband and Wife identified an appraisement value of $288,600.00 in their respective pre-trial inventories). As both parties agreed to the value of the marital home, and Husband failed to produce any evidence to support his claim, we discern no abuse of the trial court's discretion in assigning a value of $288,600.00 to the farm. *See Snyder v. Snyder*, 275 A.3d 968, 977 (Pa. Super. 2022) ("A trial

court does not abuse its discretion in adopting the only valuation submitted by the parties.") (citation omitted).

Finally, regarding Husband's challenge to the court's division of livestock trailers, the court explained, "The livestock trailers were divided in a manner that the [c]ourt deemed equitable. Rarely does a party get every item they want or desire." Rule 1925(a) Opinion, 5/8/25, at 2. Husband's bald assertion that the trial court should have equally divided the trailers between him and Wife does not establish an abuse of discretion.

After reviewing the record, we find no evidence that the trial court misapplied the law. Moreover, as stated above, the trial court fully considered the factors delineated in section 3502(a) in making its equitable distribution award. As the record supports the trial court's distribution scheme, and we otherwise discern no abuse of discretion, we affirm the court's equitable distribution order.

Decree affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/22/2026